PEOPLE *v.* STEVENS.

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS—INCLUDED OFFENSES.

   Failure of trial judge, in prosecution for armed robbery, to instruct *sua sponte* on the lesser offense of larceny from the person *held,* proper, where the evidence shows defendant was present at time of robbery, a fellow robber had a gun, the victim was threatened, money was taken from a safe and from under a desk belonging to the victim, at trial defendant made no request for a specific charge to jury, and no evidence of a lesser offense was presented (CL 1948, § 750.357, CLS 1961, § 750.529).

2. LARCENY—STEALING FROM THE PERSON.

   An essential element of the crime of larceny from the person is that it be accomplished by "stealing from the person of another" (CL 1948, § 750.357).

3. CRIMINAL LAW—INSTRUCTIONS—LESSER OFFENSES.

   Instruction to jury that verdict must be guilty or not guilty of the crime charged is not error, where no evidence exists on which a verdict of a lesser offense could be returned.

4. SAME—EXCLUSION OF TESTIMONY—FINGERPRINTS ON MONEY.

   Exclusion of testimony by defendant of narration of his attorney's request to have money taken in a robbery examined for fingerprints *held,* proper.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted Division 1 October 4, 1967, at Detroit. (Docket No. 3,298.) Decided March 19, 1968. Rehearing denied April 29, 1968. Leave to appeal denied July 31, 1968. See 381 Mich 769.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 53 Am Jur, Trial §§ 796–802.
[2] 32 Am Jur, Larceny § 2.
[4] 29 Am Jur 2d, Evidence § 375.
   Fingerprints, palm prints, or bare footprints as evidence. 28 ALR 2d 1115.

James Henry Stevens was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Riseman, Lemke & Piotrowski,* for defendant on appeal.

T. G. Kavanagh, J. James Stevens was convicted of armed robbery. CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797). He brings this appeal claiming error in the trial court's charge to the jury and in the court's refusal to admit certain testimony by defendant.

According to the testimony of George Montie, Jr., on March 22, 1966 James Stevens and Emanuel Gomez entered his store and after making a purchase, Gomez, pointing a gun, said "a hold up," "get in the back of the store." Both Stevens and Gomez accompanied complainant into the back where Gomez took money from a safe and placed it in a satchel. Further threats by the defendants forced the complainant to tell of additional money under a desk. Stevens said, "Why give your life for this little amount?" and then he took the money from under the desk. Defendant Gomez struck the complainant, stunning him momentarily. The police arrived, having been notified by an alarm on the safe, confronted defendants in their acts and arrested them. Both were charged with robbery armed.

Defendant Stevens' testimony was that he entered complainant's store with Gomez to make a pur-

chase, and that he was preparing to leave the store when Gomez pulled a gun. He admits presence at the scene but disclaims any participation in the crime, alleging that he was an innocent bystander, that he took no part in the robbery, had no intention of perpetrating a robbery or of assisting Gomez, and was in fact a victim of circumstances at the time the robbery was committed. He now argues that if, as the jury may have found, he did tell the complainant not to endanger his life and did put money in the valise, he would be guilty only of larceny from the person, maintaining this to be a lesser but included offense in the crime of robbery. At the trial, he claims, he attempted to testify that he had requested the arresting officers to take fingerprints from the money in the satchel but that his request was ignored. Defendant argues that the trial court erroneously sustained an objection to such testimony.

Defendant was found guilty as charged. On appeal he claims three points of error:

1. That the trial court erred in failing to instruct the jury on the lesser offense of larceny from the person.*
2. That the jury should have been advised to consider whether or not he was guilty of aggravated assault.
3. That testimony regarding a request for fingerprints was erroneously excluded.

These first two assertions of error indicate confusion about the duty of the trial judge to instruct. Where a request has been made to charge on a lesser included offense, the duty of the trial judge is determined by the evidence.

If evidence has been presented to support a conviction of the lesser offense, the requested instruc-

---

* CL 1948, § 750.357 (Stat Ann 1962 Rev § 28.589).—REPORTER.

tions must be given; failure to do so would constitute error. *People* v. *Jones* (1935), 273 Mich 430. If, on the other hand, no evidence has been presented to support a conviction of the lesser offense, then the requested instruction should be refused. *People* v. *Utter* (1921), 217 Mich 74; *People* v. *Hearn* (1958), 354 Mich 468.

Where no request to charge on the lesser offense has been made but evidence exists to support a conviction of the lesser offense, the trial judge may, *sua sponte,* instruct on the lesser offense. *People* v. *Milhem* (1957), 350 Mich 497. If, however, no such evidence exists and no request has been made, failure of the trial court to instruct on a lesser offense is not error. CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052).

In this case, defendant made no request for a specific charge to the jury, and no evidence of a lesser offense was presented. The evidence is undisputed that the defendant Stevens was present in the store, that Gomez had a gun, that the victim was threatened, and that money was taken. The taking was from the safe and from under the desk; there was no taking from the person of the victim. It is an essential element of larceny from the person that the object stolen be from the person of another. *People* v. *Gadson* (1957), 348 Mich 307. Defendant's position throughout the trial was that he did not participate in the commission of the crime. The only question for the jury to decide was whether he did or did not so participate. Under the circumstances, the court was not required to instruct on the question of aggravated assault nor on a lesser offense, especially when the elements of that offense were not present and when no evidence of such offense existed. Where no evidence exists on which a verdict of a lesser offense could be returned, it is not

error for the trial court to instruct the jury that the verdict must be guilty or not guilty of the crime charged. *People* v. *Netzel* (1940), 295 Mich 353; 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 674, pp 863–866.

Defendant's last contention is that the trial court erred in refusing testimony of his ignored requests to have the money examined for fingerprints. In the course of the trial, the following questions were asked defendant:

"*Q.* And did you suggest that they take finger-prints?
"*A.* Yes, I did.
"*Q.* To establish who touched it?
"*A.* Yes, at my examination the lawyer requested that an expert  *  *  *"

An objection was made at that point and sustained by the trial court. It appears that the objection pertained to the defendant's narration of the lawyer's request made at the examination rather than to the testimony regarding the failure to examine for fingerprints. From the record before us there is nothing to show that the court refused to admit competent testimony regarding the request to examine the money for fingerprints. The court's refusal of defendant's testimony regarding his lawyer's request was proper and did not prevent defendant from presenting his evidence in an admissible manner. The trial court did not err in sustaining the objection to defendant's testimony as presented, nor was there error in the charge to the jury.

Affirmed.

LESINSKI, C. J., and J. H. GILLIS, J., concurred.