PEOPLE *v.* CLOUSE

1. APPEAL AND ERROR—JURY INSTRUCTIONS—REQUEST—PRESERVING QUESTION—COURT RULES.

The Court of Appeals will not consider a claim of error based on the failure of the trial court to give a certain instruction to the jury in the absence of a request for such instruction at the trial (GCR 1963, 516.2).

2. APPEAL AND ERROR—JURY INSTRUCTIONS—OBJECTION—PRESERVING QUESTION—COURT RULES.

A party requesting the trial court to give a certain jury instruction must object to the failure to give the instruction before the jury retires to consider its verdict in order to preserve the question for review by the Court of Appeals (GCR 1963, 516.2).

Appeal from Roscommon, Dennis J. O'Keefe, J. Submitted Division 3 June 5, 1969, at Grand Rapids. (Docket No. 5,300.)   Decided August 25, 1969.

Eri M. Clouse was convicted of driving while under the influence of intoxicating liquor.   Defendant appeals.   Affirmed.

*Norman K. Marsh,* for defendant.

Before:   J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Appeal and Error § 623.

PER CURIAM.  Defendant was convicted by a jury of driving while under the influence of intoxicating liquor.[1]

On appeal defendant contends that the trial court erred by failing to instruct the jury that the offense of operating a vehicle while one's ability is visibly impaired[2] is a lesser included offense in driving while under the influence of intoxicating liquor.

Absent a request for an instruction, this Court will not consider a claim of error based on the failure to instruct the jury in regard to a lesser, included offense.  *People* v. *Mihalko* (1943), 306 Mich 356; *People* v. *Bark* (1930), 251 Mich 228; *People* v. *Ivy* (1968), 11 Mich App 427.  In addition, the requesting party must object to the failure to give the instruction before the jury retires to consider the verdict.  GCR 1963, 516.2; *People* v. *Mallory* (1966), 2 Mich App 359.

The record contains neither a request for an instruction nor an objection by counsel to the failure to give an instruction.  Accordingly, any error implicit in the trial court's omission was not properly preserved for review.

Affirmed.

---

[1] CLS 1961, § 257.625 (Stat Ann 1968 Rev § 9.2325).

[2] CLS 1961, § 257.625b as amended by PA 1966, No 243 (Stat Ann 1968 Rev § 9.2325[2]).