PEOPLE *v.* SWEET

CRIMINAL LAW—INSTRUCTIONS TO JURY—INCLUDED OFFENSES.
> Failure of trial judge to instruct on a lesser included offense
> is not error where the testimony does not present any evidence
> to support a conviction on the lesser included offense and de-
> fense counsel neither formally requests an instruction regard-
> ing the lesser included offense nor objects to the judge's
> instructions.

Appeal from Recorder's Court of Detroit, Vincent
J. Brennan, J. Submitted Division 1 May 12, 1970,
at Detroit. (Docket No. 4,192.) Decided June 29,
1970.

Tommie Sweet was convicted of indecent liberties
with a child under the age of 16 years. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Owen J. Galligan,*
Assistant Prosecuting Attorney, for the people.

*Donald L. Hobson,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and CHUR-
CHILL,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 796 *et seq.*

PER CURIAM. Defendant was convicted by a jury of taking indecent liberties with a female child under the age of 16 years. MCLA § 750.336 (Stat Ann 1954 Rev § 28.568). Defendant appeals, claiming the trial court erred by failing to instruct the jury that the offense of assault and battery is a lesser included offense and that the evidence failed to establish the defendant's guilt beyond a reasonable doubt.

Defense counsel did not formally request an instruction regarding the included offense of assault and battery, nor did he object to the trial judge's instructions. He inquired from the court whether there was an included offense. Assault and battery is an included offense of the crime of indecent liberties. *People* v. *Visel* (1936), 275 Mich 77; *People* v. *Carr* (1966), 2 Mich App 222.

The duty of the trial judge to instruct the jury on a lesser included offense is stated in *People* v. *Stevens* (1968), 9 Mich App 531, 533, 534:

"Where a request has been made to charge on a lesser included offense, the duty of the trial judge is determined by the evidence.

"If evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given; failure to do so would constitute error. *People* v. *Jones* (1935), 273 Mich 430. If, on the other hand, no evidence has been presented to support a conviction of the lesser offense, then the requested instruction should be refused. *People* v. *Utter* (1921), 217 Mich 74; *People* v. *Hearn* (1958), 354 Mich 468.

"Where no request to charge on the lesser offense has been made but evidence exists to support a conviction of the lesser offense, the trial judge may, *sua sponte*, instruct on the lesser offense. *People* v. *Milhem* (1957), 350 Mich 497. If, however, no such evidence exists and no request has been made, failure

of the trial court to instruct on a lesser offense is not error. CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052).

A reading of the testimony in this case does not present any evidence to support a conviction on the lesser included offense. The trial judge did not err by not charging the jury on the crime of assault and battery.

With respect to the second issue, there was sufficient evidence, if believed by the jury, to prove the defendant guilty beyond a reasonable doubt.

Affirmed.