### PEOPLE v. LEMMONS

1. CRIMINAL LAW—INSTRUCTIONS—INCLUDED OFFENSES.
   The trial court, in the absence of a request to charge, does not err in failing to instruct upon included offenses.

2. ROBBERY—INSTRUCTIONS—INCLUDED OFFENSES—NEW TRIAL.
   Instruction that a jury might find defendant either guilty of robbery armed or not guilty but that there were no included offenses was reversible error requiring a new trial, although defendant made no request at trial that the lesser included offenses be included in the charge, since the court did more than fail to charge upon included offenses, it affirmatively excluded them from the consideration of the jury.

Appeal from Court of Appeals, Division 1, J. H. Gillis, P. J., and McGregor and Thorburn, JJ., affirming Recorder's Court of Detroit, Paul E. Krause, J. Submitted January 14, 1970. (Calendar No. 9, Docket No. 52,351.) Decided September 22, 1970.

13 Mich App 268 reversed.

Melvin Lemmons was convicted of robbery armed. Defendant appealed to Court of Appeals. Affirmed. Defendant appeals. Reversed.

---

* Continued from Volume 383 Mich.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 796 et seq.
Absence of evidence supporting charge of lesser degree of homicide as affecting duty of court to instruct as to, or right of jury to convict of, lesser degree. 21 ALR 603, s. 27 ALR 1097, 102 ALR 1019.
Duty in instructing jury in criminal prosecution to explain and define offense charged. 169 ALR 315.
Effect of failure or refusal of court, in robbery prosecution, to instruct on assault and battery. 58 ALR2d 808.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Wilfred C. Rice,* for defendant.

DETHMERS, J. Defendant was tried before a jury in Recorder's Court on a charge of robbery armed and convicted.

At trial the complaining witness identified defendant as one of two men who robbed him at gunpoint. The arresting police officers testified that at the time of his arrest defendant had in his possession a loaded .32 caliber pistol, a number of checks identified as those stolen in the robbery, and a driver's license belonging to the complaining witness. The defense was to the effect that defendant was not present when the robbery was committed.

The Court of Appeals affirmed the conviction and sentence of 5 to 25 years. On leave granted defendant appeals here, raising many claims of error. Chief among the assignments of error is that the court did not charge the jury as to included offenses of "unarmed robbery", "attempted robbery", and "assault and battery".

Defendant made no request at trial that the lesser included offenses be included in the charge.

The court instructed the jury that:

"There are only two possible verdicts as to each defendant. You may find the defendant, naming them individually, guilty of robbery armed or not guilty. There are no included offenses."

In *People* v. *Jones* (1935), 273 Mich 430, this Court referred to *People* v. *Allie* (1921), 216 Mich 133, saying that in the latter case this Court had recog-

nized the confusion existing in its previous decisions with respect to whether it constituted error to neglect to charge as to lesser included offenses in criminal cases, modified and, in effect, overruled some of them and established the rule that in the absence of a request to charge, the court does not err in failing to instruct upon the included offenses. In *Jones* this Court went on to say:

"However, the rule does not excuse improper instructions. *Here the court did more than fail to charge upon the included offenses. It affirmatively excluded them from the consideration of the jury.* This was error because, under 3 Comp. Laws 1929, § 17325, the jury was authorized to find the defendant guilty of a lesser offense  *  *  *  ." (The statutory section now is CL 1948, § 768.32 [Stat Ann 1954 Rev § 28.1055]).

The court's instruction in the instant case that the jury might find defendant either guilty of robbery armed or not guilty but that there were no included offenses comes directly within the interdiction of *Jones* and requires reversal with new trial.

T. E. BRENNAN, C. J., and KELLY, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred with DETHMERS, J.