## PEOPLE v. McCORMICK

1. Criminal Law—Instructions to Jury—Included Offenses.

Duty of court to instruct the jury on a lesser included offense when requested to do so is determined by the evidence, so that the requested instruction must be given if evidence has been presented to support a conviction of the lesser offense; however, the requested instruction should be refused where no evidence has been presented to support a conviction of the lesser offense.

2. Robbery—Instructions to Jury—Included Offense—Armed Robbery.

Denial of request to instruct the jury on the lesser included offenses of larceny from the person, attempted armed robbery, and assault and battery was proper at a trial for armed robbery where the people's evidence showed that defendant entered a party store, produced a pistol, demanded the money in the cash register, then took the money and left, and where the record shows no evidence which would support a conviction on the lesser included offenses (MCLA § 750.529).

Appeal from Wayne, Thomas J. Murphy, J.  Submitted Division 1 November 6, 1970, at Detroit. (Docket No. 8838.)  Decided December 7, 1970.

Merle McCormick was convicted of armed robbery.  Defendant appeals.  Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  53 Am Jur, Trial §§ 798–801.
[2]  53 Am Jur, Trial §§ 286, 796–802.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Gilbert A. Donohue,* for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and BEASLEY,* JJ.

PER CURIAM. Defendant Merle McCormick was convicted by a jury of armed robbery. MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797). This delayed appeal upon leave granted presents one issue for review.

Defendant contends the lower court erred by denying a requested jury instruction on the lesser included offenses of larceny from a person, attempted armed robbery, and assault and battery.

The prosecution's evidence showed that defendant entered a party store, produced a pistol and demanded the money in the cash register. The owner complied. Defendant took the money and left the store. The defense was alibi.

We find no evidence in the record which would support a conviction on the lesser included offenses. This case is distinguishable on its facts from our holding in *People* v. *Norman* (1968), 14 Mich App 673. There is no dispute that the pistol was in view of the victim, or that an armed robbery was committed. The only issue at trial was whether defendant's alibi defense was credible.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The duty of the trial judge to instruct the jury on a lesser included offense is stated in *People* v. *Stevens* (1968), 9 Mich App 531, 533, 534:

"Where a request has been made to charge on a lesser included offense, the duty of the trial judge is determined by the evidence.

"If evidence has been presented to support a conviction of the lesser offense, the requested instructions must be given; failure to do so would constitute error. *People* v. *Jones* (1935), 273 Mich 430. If, on the other hand, no evidence has been presented to support a conviction of the lesser offense, then the requested instruction should be refused. *People* v. *Utter* (1921), 217 Mich 74; *People* v. *Hearn* (1958), 354 Mich 468."

This is not a case of an affirmative exclusion of lesser included offenses from jury consideration, which was found to be error in *People* v. *Jones* (1935), 273 Mich 430, and *People* v. *Lemmons* (1970), 384 Mich 1. We find no error.

Affirmed.