PEOPLE *v.* BUSBY

OPINION OF THE COURT

1. BURGLARY—BREAKING AND ENTERING—ATTEMPT—INSTRUCTIONS
   TO JURY.

   A trial judge was under no duty to charge on attempted break-
   ing and entering in defendant's trial for breaking and entering
   with intent to commit larceny where there was no evidence
   adduced to support a finding of guilty as to any lesser offense,
   the only disputed fact being whether the defendant was the
   man who committed the crime (MCLA §§ 750.92, 750.110).

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
   FENSES.

   Instructing the jury that they could return a verdict either of
   guilty or of not guilty of the offense charged is not reversible
   error where the judge gives no affirmative instruction excluding
   lesser included offenses, and where there was no request to
   charge on lesser included offenses.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
   FENSES.

   Judge's statement to defense counsel in the presence of the
   jury that he would not instruct on any lesser included offenses
   was not error where the judge did not state that to the jury
   as part of his charge but merely instructed them that they
   could return either a verdict of guilty or not guilty.

4. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION.

   Any error that might have occurred in an instruction on the
   weight to be given to the testimony of witnesses was waived
   by defendant's failure to object (GCR 1963, 516.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary § 69.
    53 Am Jur, Trial § 796 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 226.
    53 Am Jur, Trial § 796 *et seq.*
[3, 5] 53 Am Jur, Trial § 796 *et seq.*
[4] 5 Am Jur 2d, Appeal and Error § 623.
    53 Am Jur, Trial § 508 *et seq.*

DISSENT BY LESINSKI, C. J.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
FENSES.

*Instructing the jury that they could return either a verdict*
*of guilty or of not guilty was reversible error where the judge,*
*although not affirmatively instructing the jury that they could*
*not consider a verdict on a lesser included offense, told defense*
*counsel in the jury's presence that there would be no instruc-*
*tion of lesser included offenses; the effect is the same whether*
*a jury is affirmatively instructed that possible verdicts do not*
*include lesser offenses or overhears a discussion between court*
*and counsel along this line: it will not regard included crimes*
*in rendering its verdict.*

Appeal from Wayne, Richard M. Maher, J.  Sub-
mitted Division 1 April 6, 1971, at Grand Rapids.
(Docket No. 9622.)   Decided June 21, 1971.   Leave
to appeal denied, 386 Mich 790.

Charles DeWitt Busby was convicted of breaking
and entering with intent to commit larceny.  Defend-
ant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Der-*
*engoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Gerard A. Poehl-*
*man,* Assistant Prosecuting Attorney, for the peo-
ple.

*Charles E. Raymond,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and
DANHOF, JJ.

V. J. BRENNAN, J.  Defendant was convicted by a
jury of breaking and entering with intent to com-
mit larceny[1] and sentenced to two years' probation.

---

[1] MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

The only disputed fact at the trial was whether or not the defendant was the man who committed the crime.

On appeal defendant raises two issues concerning the court's charge to the jury, neither of which requires reversal.

The trial court instructed the jury that "there are only two possible verdicts, a verdict of not guilty or a verdict of guilty". Subsequent to the instructions the following colloquy occurred:

"[*The Court*]: Is there anything you want me to add?

"[*Mr. Alter*]: *If the Court please, perhaps I should have submitted a requested charge of included offenses.*

"[*The Court*]: *There won't be any included offenses,* but I'll talk to you later about that. Is there anything else?

"[*Mr. Boak*]: The people are satisfied with the charge.

"[*The Court*]: Members of the jury, if you will follow my clerk to the juryroom, you can begin your deliberations and later I will have the sheriff substituted for the clerk, so he can be in charge of you.

(Whereupon the jury was taken to the juryroom at 3:50 p. m.).

"[*The Court*]: If there are any additions or corrections to the charge, I will take them in chambers. There are no objections to the jury charge on the record." (Emphasis supplied.)

Defendant now maintains that the court was under a duty to charge on attempted[2] breaking and entering.

Preliminarily we note that the evidence presented at trial did not support a finding of guilt as to any lesser offenses. Thus, if we assume for the sake of

---

[2] MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

argument that defense counsel's statement to the court was a sufficient request, it was properly refused on the ground that there was no basis for such a charge. See *People* v. *Stevens* (1968), 9 Mich App 531; *People* v. *Sweet* (1970), 25 Mich App 95. If, on the other hand, we assume that there was no request to charge, the court's charge to the jury that there were only two possible verdicts is not violative of the rule in *People* v. *Lemmons* (1970), 384 Mich 1, because there was no affirmative *instruction* to the jury excluding lesser offenses. The court's statement that there would not be any included offenses was not part of his charge and was directed to defense counsel, not to the jury. See *People* v. *Membres* (1971), 34 Mich App 224, where we discuss more extensively the application of *Lemmons*. We find no error.

Defendant's second contention is that the court erred in instructing the jury on the weight to be given to the testimony of witnesses. Not only does this contention lack substantive merit, but any error that might have occurred was waived by defendant's failure to object. GCR 1963, 516.2; *People* v. *Wright* (1970), 23 Mich App 330.

For the foregoing reasons, defendant's conviction is affirmed.

Affirmed.

Danhof, J., concurred.

Lesinski, C. J. (*dissenting*). Inasmuch as it is my opinion that the instant case is controlled by *People* v. *Lemmons* (1970), 384 Mich 1, I herewith respectfully dissent from the view of the majority. The facts of *Lemmons* and the case at bar are strikingly similar: both are armed robberies; in both an alibi defense is presented; in both, the jury was in-

formed that it was not to consider lesser included offenses as possible verdicts. While in *Lemmons* the jury *was instructed* that there were no lesser crimes, the jury in the present case learned that no lesser crimes were to be considered by an on-the-record discussion between court and defense counsel. Whether the jury is instructed that possible verdicts do not include lesser offenses or whether the jury overhears a discussion along this line, the effect is exactly the same: the jury will not regard included crimes in rendering its verdict. The circumstances of this case amount to such an affirmative exclusion as to come within the interdiction of *Lemmons*.[1]

See, also, my dissent in *People* v. *Membres* (1971), 34 Mich App 224.

I would reverse and remand to the trial court.

---

[1] A jury is charged to follow the law as enunciated by the court. *People* v. *Gardner* (1906), 143 Mich 104, 116. I fail to distinguish how in reality a lay jury is any less prohibited from bringing in a finding of guilt upon a lesser included offense when they are simply not told of lesser included offenses. If the rationale for the rule of *People* v. *Lemmons* (1970), 384 Mich 1, is sound, it should be extended to cases where the trial judge is silent on included offenses without express limitation of possible verdicts. The entire area of included offenses is in great need of being revisited and restated. The rule found in *People* v. *Stevens* (1968), 9 Mich App 531, that a defendant is entitled to a charge on a lesser offense only when evidence of such lesser offense is presented at trial does not square with *Lemmons*. It would appear that *Lemmons* must be founded on the concept that in the event a jury disbelieves a defendant's alibi it still can find that the prosecution failed to prove *every* element of the crime charged and find the elements of a lesser included offense even when the only proof presented is that of the crime charged. This must be the case as 3 Comp Laws 1929, § 17325, now MCLA § 768.32 (Stat Ann 1954 Rev § 28.1055), is not limited to cases in which the defense of alibi is interposed. I fail to see why a case invoking the defense of alibi should be more favorably regarded as to jury instructions than one in which the defendant simply defends on the basis that he is not guilty or where he interposes some other defense. If *Lemmons* is correct, then it should apply to a case such as where the charge is robbery armed, the only testimony is that the victim was robbed at gunpoint and the defendant puts in no defense.