PEOPLE *v.* WANSLEY

CRIMINAL LAW—INCLUDED OFFENSES—INSTRUCTIONS TO JURY.
  Failing to instruct the jury on included offenses of armed robbery and limiting the possible verdicts to "guilty" or "not guilty" was not error where there was no evidence on the record to support a conviction on an included offense.

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 286, 800–802.

Appeal from Genesee, Earl E. Borradaile, J. Submitted Division 2 May 5, 1971, at Lansing. (Docket No. 9585.) Decided July 26, 1971. Leave to appeal denied, 386 Mich 762.

Mabry Wansley, Jr., was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Jeffrey A. Chimovitz,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and O'HARA,* JJ.

BRONSON, J. Defendant was charged and subsequently convicted by a jury of the crime of armed robbery contrary to MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). Defendant appeals as of right.

The only meritorious issue raised on appeal relates to the trial court's instruction to the jury. At trial, defendant's counsel did not request an instruction on specific included offenses,[1] nor was objection made to the trial court's instruction. The testimony below established the commission of an armed robbery. This testimony was undisputed and unequivocal. Two witnesses identified defendant as the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Although defendant's counsel initially made a general request for instructions on included offenses, this request was subsequently withdrawn. Even if the request had not been withdrawn, the trial court would not have been required to instruct on included offenses, since no evidence was presented to support an instruction on lesser included offenses. See *People* v. *Hearn* (1958), 354 Mich 468; *People* v. *Utter* (1921), 217 Mich 74.

perpetrator of the armed robbery. The defense was alibi.

The trial judge instructed the jury as follows:

"With regard to the possible verdicts in this case I instruct you that there are two possibilities:

"The first is that if you find that the people have proven beyond a reasonable doubt that the defendant, Mabry Wansley, is guilty of armed robbery, the charge contained in the information, then you will report that as your verdict and it will be reported by your foreman or forelady as follows—'We find the defendant guilty of armed robbery.'

"If you find that the people have failed to prove beyond a reasonable doubt that the defendant, Mabry Wansley, is guilty of the offense charged for any of the reasons which have been submitted to you in this charge, you will acquit the defendant and you would report that verdict as 'We find the defendant not guilty.' "

Defendant argues that the quoted instruction constituted reversible error because the trial court failed to instruct the jury as to the included offenses of armed robbery. Defendant contends that the trial court's failure to instruct on included offenses constituted in effect an affirmative exclusion of included offenses, and as such, the case of *People* v. *Lemmons* (1970), 384 Mich 1, mandates reversal. We disagree.

Recently, in *People* v. *Membres* (1971), 34 Mich App 224, this Court interpreted the decision in *Lemmons* to require reversal only where:

"(1.) there is no request for an instruction on lesser offenses; (2.) there is evidence on the record to support a conviction on a lesser offense so that, if requested, it would have been error to refuse to instruct on it; and, (3.) the court affirmatively excludes the jury from considering lesser offenses."

In the instant case, since no evidence was presented on the record to support a conviction on a lesser offense, *Lemmons* is inapplicable.

The case of *People* v. *Netzel* (1940), 295 Mich 353, is, in our opinion, dispositive of the instant appeal. In *Netzel,* no request was made for an instruction on included offenses. The testimony on the record would *not* support a verdict on an included offense. The trial court instructed the jury that: "There are only two possible verdicts, one of guilty as charged, the other, not guilty." The Court, in affirming defendant's conviction, held that the charge was proper since no evidence had been presented to support included offenses.

Judgment affirmed.

All concurred.