PEOPLE *v.* MAXWELL

CRIMINAL LAW—ASSAULT WITH INTENT TO ROB—ATTEMPT.
　　The crime of attempted assault with intent to rob does not exist.

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 August 31, 1971, at Lansing. (Docket No. 9315.) Decided September 28, 1971. Leave to appeal denied, 387 Mich 779.

Willie Maxwell was convicted of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and QUINN, JJ.

PER CURIAM. The defendant was tried and convicted of assault with intent to rob being armed. MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). He was sentenced to life imprisonment.

REFERENCE FOR POINTS IN HEADNOTE
6 Am Jur 2d, Assault and Battery § 10.

On appeal he claims reversible error occurred because the trial judge did not *sua sponte* instruct on lesser included offenses. There was no evidence on the record to support an instruction on lesser included offenses and the court did not affirmatively exclude the jury from considering lesser included offenses. No reversible error occurred. *People* v. *Membres* (1971), 34 Mich App 224 and *People* v. *Busby,* (1971), 34 Mich App 235. Additionally, the crime of attempted assault with intent to rob does not exist. *People* v. *Patskan* (1971), 29 Mich App 354.

The trial court did not err in sentencing the defendant to life imprisonment without specifying a minimum term. *Elliott* v. *Department of Corrections* (1955), 343 Mich 681; MCLA § 750.89 (Stat Ann 1962 Rev § 28.284); and MCLA § 769.9 (Stat Ann 1971 Cum Supp § 28.1081).

The jury instruction on specific intent was proper.

No argument or formal submission is necessary because the questions sought to be reviewed are so unsubstantial.

The motion to affirm is granted.