PEOPLE v. WILKIE

1. CRIMINAL LAW—PRIVILEGE AGAINST SELF-INCRIMINATION—CUS-
TODIAL INTERROGATION—DEFENDANT'S SILENCE.

Admission of police officer's testimony, elicited by the prosecu-
tion, that defendant, while in custody, had not made a state-
ment concerning the armed robbery for which he was arrested
did not constitute reversible error and was, at most, harmless
error where the evidence of defendant's guilt was overwhelming.

2. ROBBERY—ARMED—EVIDENCE—ESSENTIAL ELEMENTS—LESSER IN-
CLUDED OFFENSES.

Failure to instruct on the lesser included offenses of armed
robbery, the crime charged, was proper where the evidence
against defendant revealed all the elements of armed robbery,
as opposed to unarmed or attempted robbery, and no evidence
existed to support the conviction of defendant on a lesser
offense.

Appeal from Jackson, Gordon W. Britten, J.
Submitted Division 2 October 11, 1971, at Lansing.
(Docket No. 10545.)    Decided October 26, 1971.
Leave to appeal denied, 386 Mich 787.

Matt A. Wilkie was convicted of armed robbery.
Defendant appeals.    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1]  5 Am Jur 2d, Appeal and Error § 778.
[2]  53 Am Jur, Trial §§ 796, 797.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paula O. Hosick,* Chief Appellate Attorney, for the people.

*Martin Reisig,* State Appellate Defender's Office, for defendant.

Before: McGREGOR, P. J., and HOLBROOK and VAN VALKENBURG,* JJ.

McGREGOR, P. J. Defendant was convicted of armed robbery, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797), at a jury trial held in July 1970. The conviction stems from the alleged robbery of a gas station. A 16-year-old boy, alone at the station, testified against the defendant. Two police officers testified that defendant refused to make any statements while in custody; the defendant contends that such testimony was in violation of his constitutional privilege against self-incrimination.

The principal issues on appeal appear to be (1) whether the admission of the testimony of the two police officers, elicited by the prosecution, resulted in a denial to the defendant of a fair trial, where the testimony revealed that the defendant, while in custody, had not made a statement concerning the offense in question, and, if such was error, whether such error can be held reversible in this fact situation. Secondly, whether the trial court erroneously excluded lesser included offenses from the consideration of the jury.

Officer Stanley of the county sheriff's department,

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

called as a witness for the people, testified upon direct examination in pertinent part as follows:

"*Q.* Will you please state what, if anything concerning the matter in court today that you did concerning this matter in relation to the defendant Matt Wilkie?

"*A.* I was with Sgt. Elliott when he was advised of the warrant of armed robbery, and he was taken over for arraignment, and he was advised of his rights.

"*Q.* Was this by you or by somebody else?

"*A.* By Sgt. Elliott.

"*Q.* You were present then?

"*A.* Yes, sir.

"*Q.* Will you state whether or not you had occasion to hear any statements made by the defendant, Mr. Wilkie?

"*A.* Mr. Wilkie refused to sign the rights statement or talk about it.

"*Q.* I have no further questions, your Honor."

Officer Elliott, also of the county sheriff's department, testified upon direct examination as follows:

"*Q.* Will you state whether or not you had occasion to advise Mr. Wilkie of his rights in regard to this matter of McLain's Sunoco Station?

"*A.* Yes, sir.

"*Q.* And, after so advising him, did Mr. Wilkie make any statement to you concerning the robbery of McLain's Sunoco Station?

"*A.* No, sir, he didn't  *  *  *  .

"*Q.* I have no further questions, your Honor."

Defendant contends, despite defense counsel's failure to voice objection, he did not waive his right to assert the privilege against self-incrimination, which privilege was violated, citing *People* v. *Jordan* (1967), 7 Mich App 28, and *People* v. *Wilson* (1969), 20 Mich App 410.

The people claim that, in the event the admission of the testimony in question is deemed to have been error, it was no more than harmless error, in view of the overwhelming evidence of guilt against the defendant, citing *People* v. *Fry* (1969), 17 Mich App 229.

In *Fry, supra,* a police officer testified that when he and a fellow police officer advised the defendant that he was charged with stealing a radio, they tried to advise him of his constitutional rights and were told by the defendant that he knew his constitutional rights, that the police officers did not have to advise him, and the defendant refused to tell the officers anything else. This testimony was emphasized by the prosecution during oral argument. The defendant did not take the stand in his own behalf. The trial judge cautioned the jury (p 233) that:

"No presumption adverse to the defendant is to arise from the mere fact that he does not offer himself as a witness and testify in his own behalf, or that he does not respond to the police officer. That is his constitutional right."

Courts generally have held that the constitutional privilege against self-incrimination protects an accused person from the introduction at trial of evidence as to his silence, or that he claimed the privilege of silence in the face of an accusation made after he was taken into custody.

"While, under certain circumstances, the statements of a person in custody may be used in evidence against him, his silence may not." *People* v. *Gisondi* (1967), 9 Mich App 289, 294.

Counsel for defendant Fry did not voice an objection either to the police officer's testimony or to the

prosecutor's argument.   See *Koepel* v. *St. Joseph Hospital* (1968), 381 Mich 440.

Our Court held in *Fry, supra,* p 234, that:

"The defendant should not, in our opinion, be granted a new trial because of the introduction of this testimony or the prosecutor's argument based thereon.   In *Chapman* v. *California* (1967), 386 US 18 (87 S Ct 824, 17 L Ed 2d 705), *reh den* 386 US 987 (87 S Ct 1283, 18 L Ed 2d 241), the United States Supreme Court held that adverse comments by the prosecuting attorney regarding the defendant's failure to testify would not necessarily require reversal of a conviction following such comments, and laid down the rule, 'that before a Federal constitutional error can be held harmless, the court must be able to declare belief that it was harmless beyond a reasonable doubt.'   We are convinced that the evidence and argument complained of did not contribute to the defendant's conviction, that it was harmless beyond a reasonable doubt and that were we to order a new trial the defendant Fry would again assuredly be convicted."

Michigan has wisely adopted a harmless error rule, which should be used in many cases where criminal defendants seek to avoid just sentences by technicalities, *viz.:*

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice.   The court at every stage of the proceeding shall construe these rules to secure the just, speedy, and inexpensive determination of every action so as to avoid the consequence of any error or defect in

the proceeding which does not affect the substantial rights of the parties." GCR 529.1.

"All 50 states have harmless-error statutes or rules, and the United States long ago through its Congress established for its courts the rule that judgments shall not be reversed for 'errors or defects which do not affect the substantial rights of the parties.' 28 USC § 2111.[5] None of these rules on its face distinguishes between Federal constitutional errors and errors of state law or Federal statutes and rules. All of these rules, state or Federal, serve a very useful purpose insofar as they block setting aside convictions for small errors or defects that have little, if any, likelihood of having changed the result of the trial."

*Chapman* v. *California* (1967), 386 US 18, 22 (87 S Ct 824, 827; 17 L Ed 2d 705, 709).

In view of the overwhelming evidence of defendant's guilt, such error as may have been committed was harmless beyond a reasonable doubt and had no adverse effect upon defendant's substantial constitutional rights.

Defendant further contends that the trial court, in its charge to the jury, erroneously excluded lesser included offenses from the jury's consideration. The error complained of is in the trial court's charge:

"If you are satisfied and beyond a reasonable doubt that the defendant is guilty of the charge contained in the People's information, then your verdict will be guilty as charged. If you are not so

---

[5] "28 USC § 2111 provides: 'On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.'

"Fed Rule Crim Proc 52(a) provides: 'Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.' "

satisfied and beyond a reasonable doubt, then your verdict shall be not guilty."

Defendant cites and relies upon *People* v. *Lemmons* (1970), 384 Mich 1, where the Court recognized the distinction which defendant here tries to dilute. Relying upon *People* v. *Jones* (1935), 273 Mich 430, the Court stated, p 3:

"[I]n the absence of a request to charge, the court does not err in failing to instruct upon the included offenses. In *Jones* this Court went on to say: ' * * * *Here the court did more than fail to charge upon the included offenses. It affirmatively excluded them from the consideration of the jury.* This was error because, under 3 Comp Laws 1929, § 17325, the jury was authorized to find the defendant guilty of a lesser offense.' "

The court in *Lemmons* affirmatively excluded lesser offenses by stating in its instructions: "There are no included offenses". This was held to come within the interdiction of *Jones, supra,* and to require a new trial.

The evidence revealed the presence of the essential elements of robbery armed, MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797), as opposed to robbery unarmed, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798) or attempted robbery, MCLA § 750.92 (Stat Ann 1962 Rev § 28.287), *i.e.,* that the perpetrator of the offense was armed, and that the execution of the robbery of the service station was completed; that no evidence existed to support the conviction of defendant on a lesser offense, *People* v. *Stevens* (1968), 9 Mich App 531; that *People* v. *Lemmons, supra,* is, on its facts, inapplicable to the case at hand; and that since the court properly did not instruct on lesser offenses, it cannot be said to

have affirmatively excluded the same from the jury's consideration.

In *People* v. *Stevens, supra,* pp 534–535, this Court stated:

"Under the circumstances, the court was not required to instruct on   *   *   *   a lesser offense, especially when the elements of that offense were not present and when no evidence of such offense existed.  Where no evidence exists on which a verdict of a lesser offense could be returned, it is not error for the trial court to instruct the jury that the verdict must be guilty or not guilty of the crime charged.  *People* v. *Netzel* (1940), 295 Mich 353; 2 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 674, pp 863–866."

Defendant does not point to evidence in the record which would justify the giving of an instruction as to lesser included offenses in the instant case.  No evidence existed to support the defendant's conviction of a lesser offense and the trial court did not "affirmatively exclude them from the consideration of the jury."  *People* v. *Lemmons, supra.*

Conviction affirmed.

All concurred.