PEOPLE *v* ROSHINSKY

OPINION OF THE COURT

1. APPEAL AND ERROR—UNSUBSTANTIAL QUESTION—MOTION TO AFFIRM.

   A motion to affirm is granted where upon examination of the briefs and records it is manifest that the question sought to be reviewed is so unsubstantial as to need no argument or formal submission.

CONCURRENCE BY LESINSKI, C. J.

2. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY—REVERSIBLE ERROR.

   *Reversible error occurs in jury instructions excluding lesser included offense only where the trial judge affirmatively excludes lesser included offenses by stating "There are no included offenses"; however, a better rule of law would not depend on the application of a magic-word doctrine.*

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 October 26, 1971, at Detroit. (Docket No. 11136). Decided January 20, 1972. Leave to appeal denied, 388 Mich 761.

Henry Roshinsky was convicted of breaking and entering an office building with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 932.
[2] 53 Am Jur, Trial § 796 *et seq.*

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: LESINSKI, C. J., and V. J. BRENNAN and TARGONSKI,* JJ.

V. J. BRENNAN, J.   Defendant was tried and convicted of breaking and entering an office building with intent to commit a larceny therein (MCLA 750.110; MSA 28.305) and appeals.   A motion to affirm has been filed by the people.

Upon an examination of the briefs and records it is manifest that the question sought to be reviewed is so unsubstantial as to need no argument or formal submission.

Motion to affirm is granted.

TARGONSKI, J., concurred.

LESINSKI, C. J. (*concurring*).   In the instant case this Court is again required to examine the issue raised in *People v Lemmons,* 384 Mich 1 (1970).   The judge charged the jury that "the only two possible verdicts are the same as to each defendant: either guilty as charged or not guilty".   The defendant neither requested an instruction on lesser included offenses nor objected to the failure of the trial court to so instruct even though counsel was given an opportunity to so do.   Counsel indicated satisfaction with the instructions.

---

* Former Circuit Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

This Court has uniformly read *Lemmons* literally, to require reversal only where the trial court affirmatively excluded lesser offenses from the consideration of the jury by stating "There are no included offenses." See, *e.g.*, *People* v *Maxwell*, 36 Mich App 127 (1971); *People* v *Busby*, 34 Mich App 235 (1971); *People* v *John Wesley Brown*, 32 Mich App 262 (1971); *People* v *Herbert Van Smith Jr.*, 30 Mich App 384 (1971); *People* v *Patskan*, 29 Mich App 354 (1971); and *People* v *McCormick*, 28 Mich App 550 (1970).

I do not read *Lemmons* to require the courts to apply a magic words doctrine in applying the law as pointed out in my dissents in *People* v *Membres*, 34 Mich App 224 (1971), and *People* v *Busby, supra.* As I stated in footnote #1 in *Busby*, p 239, the Supreme Court should clarify this area as *Lemmons* is in apparent conflict with *People* v *Stevens*, 9 Mich App 531 (1968).

Having raised the issue and having found myself in the minority on my Court, I reluctantly concur in the affirmance as no purpose would be served by continually dissenting on this issue.