## PEOPLE *v* OLSEN

1. CRIMINAL LAW—EVIDENCE—IMPROPERLY ADMITTED EVIDENCE—DEFENDANT'S CORROBORATION.

   Admitting into evidence a letter written by the defendant to his accomplice, a witness for the prosecution, in which the defendant implicated himself in the crime charged and also mentioned his other criminal activities, was not reversible error, even if a proper foundation had not been laid for the letter's admission where the defendant admitted, in his testimony, to sending the letter.

2. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

   An instruction that the jury can find the defendant only guilty or not guilty of the crime charged is proper where no evidence exists to support a conviction on a lesser offense.

Appeal from Genesee, Elza H. Papp, J. Submitted Division 2 September 7, 1971, at Detroit. (Docket No. 7998.) Decided February 28, 1972.

Ralph Olsen was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Carl H. Leiter,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 355.
[2] 53 Am Jur, Trial § 800.

Before: LESINSKI, C. J., and QUINN and BRONSON, JJ.

PER CURIAM. Defendant was convicted in Genesee County Circuit Court by a jury of robbery armed contrary to MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). He was sentenced to a term of 7-1/2 to 20 years imprisonment, and from conviction and sentence he appeals of right.

Charles Smith, defendant's alleged accomplice in the crime, testified that he and defendant agreed to rob a grocery store. Smith further said that they went into the store and after picking up a six-pack of beer he, Smith, held a knife on the store clerk and took money from the cash register. The pair left the store together, but finding their car stuck in the mud, they split up.

Smith read a letter into evidence which he testified was in defendant's handwriting and was signed by defendant using the nickname "Junior". This letter implicated defendant in the robbery.

The complaining witness testified that the defendant and Smith came into the store where she was working as a clerk and robbed it while Smith held a knife on her. She indicated that defendant was cooperating with Smith because he told Smith to let her take the money out of the till and further told him to have her lie down on the floor.

Defendant took the stand. He admitted going into the grocery store with Smith but denied that he knew Smith was going to rob it. He also denied participating in the robbery.

Defendant's first allegation is that the trial court committed reversible error by admitting into evidence, over objection, the letter allegedly written by defendant to Smith. He contends that the admission of the letter constituted reversible error because it

referred to other alleged criminal activities by defendant, see *People* v. *Brocato* (1969), 17 Mich App 277, and because no proper foundation was laid for the introduction of this letter as it was not established that it was in fact written by defendant.

It appears to this Court that even if defendant's contention is correct there was no reversible error since defendant admitted in his own testimony to sending the letter.

Defendant next contends that the trial judge's instructions on intoxication were erroneous and call for a reversal. Apparently his argument is based on the concept that the jury should have been properly instructed regarding voluntary intoxication negating the specific intent necessary to commit the crime of armed robbery. He also argues, somewhat obscurely, that the trial judge erred by affirmatively excluding from the jury lesser included offenses. *People* v. *Lemmons* (1970), 384 Mich 1.

We have read the trial judge's instructions on intoxication. We do not find them erroneous. They appear to be in compliance with *People* v. *Kelley* (1970), 21 Mich App 612, and certainly do not contain any instruction similar to that upon which this Court reversed in that case.

With reference to the trial court's instruction that the jury could find the defendant guilty only of armed robbery or not guilty, it also does not appear that a reversal is merited. First, the defendant's trial counsel did not request such instruction nor object to the judge's instructions as given. *People* v. *Clouse* (1969), 18 Mich App 582. In addition, the recent Michigan Supreme Court decision in *People* v. *Lemmons* (1970), 384 Mich 1, does not require reversal. This Court has construed *Lemmons* in *People* v. *Membres* (1971), 34 Mich App 224, 232,

and in *People* v. *Wansley* (1971), 35 Mich App 196, 198. These cases hold that *Lemmons* applies only when:

"(1.) [T]here is no request for an instruction on lesser offenses; (2.) there is evidence on the record to support a conviction on a lesser offense so that, if requested, it would have been error to refuse to instruct on it; and, (3.) the court affirmatively excludes the jury from considering lesser offenses."

In the instant case, since there is no evidence in the record to support conviction on a lesser offense, *Lemmons* is inapplicable.

Affirmed.

Chief Judge LESINSKI concurring as follows:

For reasons stated in my concurrence in *People* v. *Roshinsky,* 37 Mich App 754, 755 (1972), I hereby concur.