Robert FAVRE, Petitioner,

v.

C. Murray HENDERSON, Warden,
Louisiana State Penitentiary,
Respondent.

Misc. No. 1722.

United States District Court,
E. D. Louisiana,
New Orleans Division.

Nov. 13, 1970.

Jack C. Benjamin, New Orleans, La., for petitioner.

Louise Korns, Asst. Dist. Atty., for respondent.

RUBIN, District Judge:

In 1967 Robert Favre was convicted of armed robbery of a bar by a Louisiana state court jury and sentenced to serve forty years at hard labor. The Louisiana Supreme Court affirmed the conviction. State v. Favre, 255 La. 690, 232 So.2d 479. Favre now seeks a writ of habeas corpus on the ground, inter alia, that he was denied the right to confront the witnesses against him, in violation of the Sixth and Fourteenth Amendments to the United States Constitution.[1]

1. 28 U.S.C. § 2254 precludes issuance of the writ until a petitioner has exhausted available state court remedies. When, as here, a person has appealed his criminal conviction to the highest court in the state, he need not again raise the same issues in a collateral state proceeding. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed. 2d 837. It is assumed that the state courts would treat the prisoner's claims in the same way as they have treated it in the past. Comment, Habeas Corpus, 113 U.Pa.L.Rev. 1303 (1965).

The evidence against the defendant consisted largely of identification of him by the owner of the bar, his nephew, and a waitress in the bar. The State also called as a witness an officer of the New Orleans Police Department, who had arrested Favre on December 2, 1966. His testimony was, in pertinent part, as follows:

[Mr. Alford, the prosecuting attorney is questioning the State Police officer]

Q. As of December 1, 1966, did you know or were you seeking the arrest of any particular person for the armed robbery of 800 France Street?

(Mr. Gill [Defense Counsel] objects and is overruled.)

Q. Could you answer the question, please, officer?

A. Yes, sir.

Q. Whom were you seeking?

A. The defendant, Robert Favre, as well as the second subject, Walter Holly.

Q. And some of your information was received from a confidential informer?

A. Yes.

Q. Was it one confidential informant, two confidential informants, three * * *

(Mr. Gill asks for a mistrial and is overruled.)

BY MR. ALFORD:

Q. Would you answer the question, please?

A. Yes, sir, there were two separate informants.

Q. Did you know these informants?

A. Yes, sir.

Q. Had they ever given you any information in the past?

A. Yes, sir.

(Mr. Gill again moves for a mistrial and is overruled.)

BY MR. ALFORD:

Q. Had the information which you had previously received from these informants been reliable?

A. Yes.

BY MR. GILL:

This is just hearsay.
(The court rules that the testimony is not hearsay.)

BY MR. ALFORD:

Q. Now has the information which you have received from these informants in the past resulted in the conviction of persons?

A. Yes, sir.

Q. Did you have occasion on December 1, 1966, to make an arrest?

A. No sir. Not December 1.

Q. Did you at any time have occasion to make an arrest of one Robert Favre?

A. Yes. Surveillance had started on the night of December 1 and continued till the early morning hours of December 2 when the arrest was effected. (See R. 95–101)

The Louisiana Supreme Court held that the police officer did not testify as to what the informants had told him, and affirmed the conviction, saying, "It was certainly not incumbent upon the State to call the informants as witnesses in order for defense counsel to cross examine them." One of the Justices filed a dissenting opinion. Because it is my constitutional duty to do so, I must reexamine the result they reached.

While the State Police officer did not relate the words his informants had used, he clearly conveyed by implication that they had told him something to incriminate Favre. He was seeking to arrest Favre because of information received from "two separate informants;" "the information which [he] had previously received from these informants [had] been reliable;" and had "in the past resulted in the conviction of persons."

This was testimony that inevitably implanted in the jury's mind the idea that

informants who had previously given information that led to the conviction of other persons provided information about Favre that caused the police to put him under surveillance and later to arrest him. The only reasonable inference to be drawn from the police officer's testimony was that the informers had some reason to believe Favre guilty. These informants thus served as out-of-court declarants against the defendant.

■ The right of an accused to confront the witnesses against him at trial, guaranteed by the Sixth Amendment to the United States Constitution, is applicable to the States by virtue of the Fourteenth Amendment, Bruton v. United States (1968) 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476; Barber v. Page (1968) 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255; Pointer v. Texas (1965) 380 U.S. 400, 404, 85 S.Ct. 1065, 13 L.Ed. 2d 923; Douglas v. Alabama (1965) 380 U.S. 415, 418–419, 85 S.Ct. 1074, 13 L.Ed. 2d 934; Parker v. Gladden (1966) 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420; Holman v. Washington, 5 Cir. 1966, 364 F.2d 618; Government of Virgin Islands v. Aquino, 3 Cir. 1967, 378 F.2d 540. In *Pointer,* the Supreme Court held that the use of a statement given by a material witness at a preliminary hearing where he was not subject to adequate cross-examination violated the Confrontation Clause if the witness was not presented at trial. Here, as in *Pointer,* there was no opportunity for the defendant to cross-examine accusers whose statements were instrumental in securing a conviction. It is therefore unnecessary to inquire whether the evidence admitted against Favre was hearsay, within the meaning of the rules of evidence. The Constitution does not force a state to adopt a set of evidentiary rules, so long as those rules the state chooses violate neither due process nor the right of confrontation.

The recent opinion in California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), developed further the rules of law in this area. There the Court held that the Sixth Amendment was not violated when an out-of-court statement of a witness made prior to trial was introduced during his later testimony at the trial. The Court carefully distinguished this from the admission of out-of-court statements of one not present to testify at the trial and re-affirmed the inadmissibility of such statements by persons who had never been subject to cross-examination. Favre of course had no chance to cross-examine the police officer's informants, and was never confronted with them.

In some situations the Supreme Court has held that the Sixth Amendment does not require the disclosure of the identity of informants. Thus, the states seem not to be constitutionally required to disclose to the accused the name of an informer. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). But the state may not *both* introduce an unidentified informant's statement at a trial on the merits and at the same time maintain his anonymity. If the state does not wish to disclose the identity of the informant and produce him, it must forego his testimony, else the accused is denied "the right of confrontation * * * an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." Pointer v. State of Texas, *supra,* 380 U.S. at 405, 85 S.Ct. at 1068; see also Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).

In *McCray* the court approved the use of testimony of an unidentified informant as a basis for issuance of a search warrant. Hearsay may, and frequently does, establish *probable cause.* But this does not mean it is admissible as proof of guilt.

■ What is adequate to justify an arrest or a search for evidence while a charge is under investigation may not be admissible at the time of trial. It is necessary in many instances to distinguish between the rights of the suspect before he is brought to trial and his rights after he is arraigned and trial commences. The right to confrontation is basically a

trial right, whose strictures have often been found inapplicable to earlier stages in the criminal process. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397; *cf.* Barber v. Page, *supra;* 390 U.S. at 725–726, 88 S.Ct. 1318. The *McCray* opinion recognized this distinction, and it is, indeed, implicit in the Constitution itself. For the rights preserved in the Fourth Amendment are different from those safeguarded by the Sixth.

It is next necessary to inquire whether the scope of inquiry by this court is restricted by the legislative action taken by Congress in 1966 to reduce repeated review of evidence in habeas corpus proceedings. In that year, the Congress amended 28 U.S.C. § 2254 to provide in pertinent part:

"In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer of agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct unless * * *"

But that amendment is not applicable here: the Louisiana Supreme Court's conclusions were not based on its determination of a factual issue, but on its characterization of the legal nature of the state officer's testimony and its conclusions concerning whether the admission of this testimony violated constitutional requirements.

In reviewing a State Supreme Court decision by way of habeas corpus, a federal judge must approach his tasks with diffidence. Six of my brethren on the State bench have indicated a view of what the United States Constitution requires different from mine. They are the peers of federal judges in judicial knowledge, experience, and ability. As one who has practiced before them, I know that they undertake their duties conscientiously and in a spirit of dedication to the law. But it is of the nature of the federal-state relationship that the federal courts have the duty to determine, in the final analysis, what the U.S. Constitution requires. In the present situation, I conclude that the admission of the policemen's testimony violated the Sixth and Fourteenth Amendments to the Constitution, and therefore his petition for a writ of habeas corpus should be, and it is hereby, granted. It is further ordered that execution of the writ be stayed for sixty days to allow the state of Louisiana to appeal this decision or to retry petitioner. Upon the expiration of sixty days, in the absence of such action on the part of the state, the writ shall issue forthwith without further order of this court.