444 F.2d 127
 UNITED STATES ex rel. Robert FAVRE, Petitioner-Appellee,
v.
C. Murray HENDERSON, Warden, La. State Penitentiary,
Respondent-Appellant.
No. 71-1111 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York, 431 F.2d 409, Part I (5th
Cir. 1970).
 United States Court of Appeals, Fifth Circuit.
 June 11, 1971, Rehearing Denied and Rehearing En Banc Denied
July 27, 1971.
 
 Louise Korns, Asst. Dist. Atty., Parish of Orleans, Jim Garrison, Dist. Atty. for the Parish of Orleans, State of Louisiana, New Orleans, La., for appellant.
 Jack C. Benjamin, Kierr & Gainsburgh, New Orleans, La., for appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The State of Louisiana appeals from the grant of habeas corpus relief to appellee, Favre. During the course of Favre's trial, a police officer was allowed to testify over objection that information received from an unnamed informer led to Favre's arrest. The inference to be drawn from the testimony is that the informer told the officer that Favre had perpetrated the offense. The district court, 318 F.Supp. 1384, held that the officer's testimony was hearsay and thus violated the confrontation clause of the Sixth Amendment since Favre was not allowed to discover the identity of the informer.
 
 
 2
 Assuming, without now deciding, that the officer's testimony was improper hearsay, the substance of the alleged erroneous testimony relates to the issue of identity. Favre was identified at trial by three other eyewitnesses to the crime. The district court did not make any findings as to the effect of the alleged error in context with the other identifications so as to determine whether the officer's imputed identification of Favre denied his trial fundamental fairness. Pleas v. Wainwright, 441 F.2d 56 (5th Cir. 1971); Hill v. Dutton, 440 F.2d 34 (5th Cir. 1971).
 
 
 3
 We therefore vacate the judgment of the district court and remand the cause to the district court for a determination of whether the admission of this evidence deprived the defendant of a trial that was fundamentally fair or whether the admission of this evidence, although erroneous, was merely cumulative and harmless. Cf. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).
 
 
 4
 Vacated and remanded.
 
 PER CURIAM:
 
 5
 The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.