PEOPLE v. BENSON

CRIMINAL LAW—MOTIONS—MISTRIAL—FAILURE TO RULE.
  Failure to rule on the prosecution's motion for a mistrial did
    not result in reversible error where the motion was made
    because the defendant shouted out the penalty for the crime
    he was being tried for.

Appeal from Recorder's Court of Detroit, Robert E. DeMascio, J. Submitted Division 1 September 7, 1971, at Grand Rapids. (Docket No. 9151.) Decided September 28, 1971. Leave to appeal denied, 387 Mich 780.

Willie Benson, Jr., was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*M. John Shamo*, for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

PER CURIAM. Defendant was convicted by a jury for the offense of armed robbery. MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797).

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 970 *et seq.*

While under direct examination, defendant blurted, "I realize that what they have me charged with carries life." Whereupon, the prosecution, out of hearing of the jury, moved for a mistrial. The court did not rule on the motion and submitted the case to the jury.

The court instructed the jury that there was one of two verdicts they could return. They could either find the defendant guilty as charged, or not guilty.

Defendant appeals and raises two issues:

1. Does a trial judge's failure to rule on a motion for a mistrial made by the prosection constitute reversible error?

2. Did the trial court commit reversible error in refusing defendant's request for an instruction as to lesser included offenses?

We find no merit in defendant's contention that the trial court's failure to rule on the prosecution's motion for a mistrial deprived defendant of his constitutional right to a trial by jury. In *People v. Roland Robinson* (1971), 30 Mich App 372, we held that if it was error at all it was harmless error for the trial court to fail to rule on the defendant's motion for a mistrial. It does not appear the trial court's failure to rule on the prosecution's motion worked any miscarriage of justice.

A thorough search of the record reveals no evidence which would have supported a charge as to any lesser included offenses.

The requested instruction was properly refused by the trial judge. *People v. Hearn* (1958), 354 Mich 468; *People v. Stevens* (1968), 9 Mich App 531.

Affirmed.