PEOPLE v BULLIS

HOMICIDE—ASSAULT WITH INTENT TO DO GREAT BODILY HARM—IN-
CLUDED OFFENSE—INSTRUCTIONS TO JURY.

> Failure to instruct the jury that assault with intent to do great
> bodily harm less than murder was a lesser included offense of
> second-degree murder was not error where expert medical
> witnesses testified that the deceased died from traumatic inju-
> ries, two eyewitnesses testified that they observed the defend-
> ant and another beat the deceased and drag him into an alley,
> where minutes later the victim was found dead, and there was
> no evidence to support a theory that death resulted from a
> cause unrelated to the beating (MCLA 750.84).

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 February 7, 1972, at Detroit. (Docket No. 11451.) Decided April 26, 1972. Leave to appeal denied, 388 Mich 761.

David A. Bullis was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Martin I. Reisig,* Assistant Defender, for defendant.

REFERENCE FOR POINTS IN HEADNOTE
40 Am Jur 2d, Homicide § 535.

Before: BRONSON, P. J., and V. J. BRENNAN and O'HARA,* JJ.

V. J. BRENNAN, J. This appeal stems from the same trial as that in *People v Robert Lee,* 40 Mich App 239 (1972), also decided this day. Defendant Bullis asks that the first five arguments raised by his codefendant be incorporated in his appeal. They are so incorporated, and, for the reasons set forth in *People v Lee, supra,* they are all rejected.

The final argument for defendant Bullis is the same as the final argument advanced for defendant Lee: that the trial court erred in failing to instruct the jury on assault with intent to commit great bodily harm less than the crime of murder (MCLA 750.84; MSA 28.279). In the case of defendant Bullis, as is apparent from the colloquy between court and counsel cited in *People v Lee, supra,* this alleged error has, in this case, been preserved.

The defendant is incorrect in asserting that here assault with intent to do great bodily harm less than murder is a lesser included offense of second-degree murder. *People v Benson,* 36 Mich App 121 (1971).

Doctor John D. Sellers, Assistant Medical Examiner for Wayne County, examined the body of the deceased at the scene of the incident here in question and made the following observations: that there were multiple abrasions and contusions on the face and below the eyes; that there was a swelling on top of the head; and that there was quite a bit of blood from the nose, mouth, ears, and about the face.

Further, the pathologist who examined the body,

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Doctor Rodolfo Valencerina, testified that upon examination he found multiple abrasions and contusions of the face, forehead, cheek, chin, and neck. He found hematoma in the parietal region of the scalp and contusion in the parietal lobes of the brain. He further testified that there was excessive edema in the brain. From the pattern of these injuries, his medical conclusion was that death was caused by traumatic injury. He also stated that the injuries to the face were connected to the contusion of the brain, which contusion caused death.

Two eyewitnesses testified they observed defendant and another beat the deceased and drag him into the alley where minutes later he was found dead.

There is no evidence on this record to support a theory that the deceased died as a result of some other cause not related to the beating.

Affirmed.

All concurred.