PEOPLE v ROBERT LEE

1. CRIMINAL LAW—EVIDENCE—HEARSAY—ANONYMOUS INFORMATION.
Testimony of a police officer that he received an anonymous
telephone call and as a result of the call he arrested the
defendants was not hearsay where the officer did not testify to
the substance of the conversation with the anonymous caller.

2. CRIMINAL LAW—EVIDENCE—HEARSAY—ANONYMOUS INFORMATION—
PROSECUTOR'S COMMENT.
Comment by the prosecutor that it could be inferred from the
testimony of a police officer that he arrested the defendants as
a result of an anonymous telephone call that there was an
eyewitness to the crime charged and that the eyewitness knew
the defendants committed the crime was impermissible prose-
cutorial comment, because it suggested the substance of the
conversation of the anonymous caller which was inadmissible
as hearsay; however, the remarks did not result in reversible
error where defendants did not object and the jury, on several
occasions, was instructed that the comments of counsel were
not evidence.

3. CRIMINAL LAW—INCLUDED OFFENSES—INSTRUCTIONS TO JURY—AF-
FIRMATIVE EXCLUSION.
Instructions to the jury in a second-degree murder trial that the
jury must decide whether the killing was second-degree murder
or manslaughter, that if malice was not found, the jury must
consider whether the facts are sufficient to justify a finding of
manslaughter, and that there are three possible verdicts, sec-
ond-degree murder, manslaughter, and not guilty, does not
constitute an affirmative exclusion of the lesser included of-
fenses below manslaughter.

4. CRIMINAL LAW—INCLUDED OFFENSES—INSTRUCTIONS TO JURY—PRE-
SERVING QUESTION.
Refusal of the trial court to instruct the jury that assault with

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 381.
[2] 29 Am Jur 2d, Evidence § 384.
[3, 4] 53 Am Jur, Trial § 796 *et seq.*

intent to do great bodily harm less than murder was a lesser included offense of second-degree murder, the crime charged, cannot be assigned as error on appeal where defendant's trial counsel strenuously resisted giving the jury that instruction.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted Division 1 February 7, 1972, at Detroit. (Docket No. 11655.) Decided April 26, 1972. Leave to appeal denied, 387 Mich 795.

Robert H. Lee was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: BRONSON, P. J., and V. J. BRENNAN and O'HARA,* JJ.

V. J. BRENNAN, J. Defendant and a codefendant[1] were charged with second-degree murder in the death of one Steve Loukas (MCLA 750.317; MSA 28.549). Defendants were tried together before a jury in Detroit Recorder's Court, and were both convicted of manslaughter (MCLA 750.321; MSA 28.553).

The evidence presented at the trial indicated that the defendants were observed beating the decedent and subsequently carrying him off the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] See *People v Bullis,* 40 Mich App 246 (1972); defendants Lee and Bullis were represented by separate counsel at their joint trial. On appeal they are again represented by separate counsel.

street. The decedent's body was later discovered on a stairway leading to the back door of the Warwick Hotel. The investigating officers testified that at the time of its discovery, decedent's body was lying in a position which would be consistent with its having fallen down the stairs. The Wayne County Pathologist testified that death was due to an edema of the parietal lobes of the brain probably caused by a blow to the decedent's face, or to the top of his head.

The first argument raised by defendant Lee is that the following testimony of one of the investigating officers is hearsay and inadmissible:

"*Q.* Did you receive some information by way of telephone in connection with this case?

"*A.* Yes, sir.

"*Q.* Was that in fact an anonymous call?

"*A.* It was.

"*Q.* Was it from a male or female?

"*A.* A male.

"*Q.* And as a result of that conversation what did you do?

"*A.* I arrested the defendants.

"*Q.* How did this occur?

"*A.* The information that I received—

"*Q.* No. Don't tell us what was told to you.

"*A.* No, sir.

"*Q.* Just tell us exactly what you did after receiving the information. Where did you go?

"*A.* Acting on the information I got, I went to 3905 Second."

Defendant Lee's second argument is that the following comment of the prosecutor, based on this testimony, is an improper argument and should constitute reversible error.

"And on the fifth they receive an anonymous tele-

phone call from a male, not giving the names of these two gentlemen, but giving the address and the apartment number. Surely someone else saw this crime out there. Obviously, from that we can imply that a male saw this crime. You can also imply that the male figured it his duty to notify the police officers, and not to give the name, but most certainly he knew where to find the people, and that's what the detectives did. They went out and they arrested these two gentlemen. And that was the evening of the fifth."

Defendants concede that no objection was made at trial either to the above-cited testimony, or to the remarks of the prosecutor.

The testimony of the police officer regarding the telephone call which he received does not constitute hearsay. He testified that he received a phone call, and that as a result of that telephone call he pursued a certain course of action. Both of these facts are from his own knowledge; there is no statement in the record attributed to an out-of-court declarant, and therefore, the testimony is within permissible bounds. *Smith v United States,* 70 App DC 255; 105 F2d 778 (1939); *United States v Johnson,* 439 F2d 885 (CA 5, 1971); *Favre v Henderson,* 318 F Supp 1384 (ED La, 1970).

The prosecutor's remarks on the subject of the anonymous telephone call are however impermissible prosecutorial comment. Through this comment, the prosecutor suggested the nature of the very information which the hearsay rule would exclude in such circumstances, namely the substance of the conversation. However, since no objection was made by either defendant to these comments, we do not consider such comment grounds for reversal. Furthermore, from an examination of the record, it is apparent that on several occasions the jury was instructed that the comments of counsel

were not evidence. On this basis also, the comments of the prosecutor do not constitute reversible error.

The third issue to be considered is that the court's charge to the jury regarding the element of intent was erroneous. Again, however, counsel for both defendants concede that no objection to the judge's charge was made in this regard. In the absence of such an objection we shall not consider the argument on appeal. GCR 1963, 516.2. The fourth allegation of error, that the prosecutor made improper comments regarding the credibility of the witnesses, is again not preserved by objection below, and shall not be considered here.

The fifth issue raised is that the trial court, in its charge, affirmatively excluded lesser included offenses. The argument is based on the following portions of the trial court's charge to the jury:

"And you must then determine from the evidence and beyond a reasonable doubt whether that illegal killing or that felonious homicide amounts to second-degree murder or whether it amounts to what we refer to as the lesser but included offense known as manslaughter.

\* \* \*

"Now, on the other hand, if you do not find beyond a reasonable doubt that the felonious homicide was accompanied by malice, then you should consider whether or not the facts are sufficient to justify a finding of what I referred to earlier as the lesser, included offense known in our law as manslaughter.

\* \* \*

"As to each of these two defendants, there are three possible verdicts that you can return: Murder in the second degree; manslaughter; and not guilty."

The portions of the charge here complained of do not affirmatively exclude lesser included offenses. *People v Lemmons,* 384 Mich 1 (1970). Further-

more, the defendant's argument, based on *Lemmons, supra,* is inappropriate in this situation. In this case a charge on lesser offenses was requested by one of the defendants, see discussion, *infra,* but the court specifically decided not to give a charge on any lesser offense below manslaughter. *People v Lemmons* does not apply in this situation:

"This Court has construed *Lemmons* in *People v Membres,* 34 Mich App 224, 232 (1971), and in *People v Wansley,* 35 Mich App 196, 198 (1971). These cases hold that *Lemmons* applies only when:

" '(1.) [T]here is no request for an instruction on lesser offenses; (2.) there is evidence on the record to support a conviction on a lesser offense so that, if requested, it would have been error to refuse to instruct on it; and, (3.) the court affirmatively excludes the jury from considering lesser offenses.' " *People v Olsen,* 39 Mich App 1, 4 (1972).

The final argument raised by defendant Lee regards the refusal of the trial court to charge the jury that assault with intent to do great bodily harm less than murder (MCLA 750.84; MSA 28.279) was a lesser included offense of the crime charged. This argument stems from the following colloquy between court and counsel:

*"The Court:* All right. Are there any included offenses?

*"Mr. Posner [counsel for defendant Bullis]:* Yes, I think so.

*"Mr. Douglas [assistant prosecutor]:* I would suggest manslaughter only.

*"The Court:* Oh, I think that is the only one. The question is whether or not you want a charge on that.

*"Mr. Posner:* Your Honor, I think that this case comes under the recent Court of Appeals case, so that failure to charge any and all included offenses is error. And I think it can be reasonably inferred, that assault

with intent to do great bodily harm can be reasonably inferred, because there is medical testimony that this man might have died from natural causes, or it might have been precipitated by the beating, and it is within the province.

*"The Court:* What is the matter, Mr. Lee?

*"Mr. Lee [counsel for defendant Lee]:* I strenuously resist any charge with respect to assault with intent to, on behalf of the defendant Robert Lee.

*"Mr. Douglas:* I would oppose it, too, your Honor.

*"Mr. Posner:* Well, I don't oppose it, your Honor, on the basis that I feel if I did not suggest this to the court I would be remiss to my client.

*"Mr. Douglas:* May I inquire—

*"The Court:* Well, it would be much easier for me if defense counsel can agree.

*"Mr. Lee:* Defense counsel cannot agree.

*"Mr. Posner:* We cannot agree on that point."

As may be seen from the record, *supra,* this error, if it was error, has not been preserved for defendant Lee.

Counsel for defendant Lee "strenuously resisted" such a charge, therefore, he cannot now claim error.

Affirmed.

All concurred.