PEOPLE v HARRIS

CRIMINAL LAW—CONSTITUTIONAL LAW—WITNESSES—CONFRONTATION.
Arresting officer's testimony that he had received over the police
radio a description of the make and the license number of a car
involved in a gas station holdup and that this description had
been supplied by an eyewitness to the crime denied defendant
his constitutional right to confront the witnesses against him
where the unidentified eyewitness was never produced at de-
fendant's trial (US Const, Am VI).

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted Division 2 March 8, 1972, at Lansing.
(Docket No. 10234.) Decided June 26, 1972.

Roosevelt Harris was convicted of armed rob-
bery. Defendant appeals. Reversed and remanded
for new trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,*
Chief Assistant Prosecuting Attorney, for the peo-
ple.

*John T. Connolly,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and TAR-
GONSKI,* JJ.

TARGONSKI, J. At defendant's jury trial on a
charge of armed robbery in violation of MCLA

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 335–337.
* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

750.529; MSA 28.797 the trial court permitted a police officer to testify not only to the fact that he received a radio call as a result of which he arrested the defendant following a gas station holdup, but also as to the nature of the reports made by an unidentified individual with a description of the car allegedly involved in the holdup. The individual, who made the alleged report to the police department on which the radio broadcast was based, was never produced in court nor was his identity disclosed. The charges in this case stemmed from a holdup of a Super-Test gasoline station in the City of Mt. Morris on December 8, 1969. The alleged holdup man was reported to have pointed an object in his pocket in such a way as to make the attendant assume that he had a weapon.

The gas station attendant who was held up was the sole witness against the defendant other than the arresting officer and the officer in charge of the case.

The arresting officer testified in part as follows:

"*Q.* Then on the evening of December 8 did you receive certain information over your police radio regarding a 1963 Pontiac convertible?

"*Mr. Darrah:* Your Honor, I object to that question.

"*The Court:* Why?

"*Mr. Darrah:* Well, what he received over the police radio would be hearsay as far as he's concerned.

"*Mr. Black:* We're not offering it for the truth but just the fact that the statement or report was received by the officer.

"*The Court:* I'll receive it for that purpose, and as an explanation of subsequent conduct. If my assumptions are correct as to its value; I will instruct, however, the jury that they are not to receive any statement that this witness says he heard over a police radio as evidence that that statement is true. Go ahead.

*"Q. (by Mr. Black, continuing):* Did you receive such information?

*"A.* At 9:10 we had instructions from our chief to pick up Henry, take him down to Flint I.D. to look at some photos that there somebody, a witness or a person, had called the State Police and had got a license number of a 1963 Pontiac—

*"Mr. Darrah:* Your Honor, I object."

The defendant contends that the court's ruling on this objection allowed prejudicial hearsay concerning identification of the defendant into evidence. He claims that this was prejudicial to the rights of the defendant. He maintains that the issue of identification was important, and by allowing the jury to hear that an eyewitness gave a description of the car, allowed the prosecution to prejudicially reinforce the credibility of the prosecution's only witness.

We believe that the question of hearsay allegedly existing in the foregoing colloquy is not as important as the more serious constitutional issue of the defendant's right to confrontation of the witnesses against him. In *Favre v Henderson,* 318 F Supp 1384 (ED La, 1970), defendant's conviction was reversed when the officer was allowed to testify to the contents of a conversation similar to that in the instant case. In the *Favre* case, the prosecution's evidence consisted mostly of eyewitness testimony against him. A police officer also testified that he arrested the defendant on the basis of reliable information given to him by an undisclosed informant who had proved reliable in the past. The Federal district court reversed the defendant's conviction, holding that the defendant had been deprived of his right to confront the witnesses against him. Relying primarily on *Pointer v Texas,* 380 US 400; 85 S Ct 1065; 13 L

Ed 2d 923 (1965), the district court held that there was no need to determine if the evidence was hearsay, as the testimony itself violated the confrontation clause of the Federal Constitution. *Favre v Henderson, supra,* at p 1386.

In this case, the officer could testify, and the judge ruled correctly, that he received a radio call, and that as a result of that he took subsequent action. If this had been all that the officer had testified, there would be no error. In actuality however, the police officer made a statement that was completely irrelevant to the question asked, or for showing any subsequent conduct. In effect, the evidence stated that an eyewitness who was neither disclosed nor presented by evidence, gave the police the make of a car and the license number of that car as being involved in the gas station holdup. The only evidence presented to show the guilt of the defendant was the identification by the gas station attendant. By permitting the officer to testify that "a witness or a person had called the State Police and had got a license number of a 1963 Pontiac * * * ", the prosecution was able to lend great credibility to the testimony of the only eyewitness testifying. This evidence was especially crucial in light of the fact that the gasoline station attendant testified that there were certain physical characteristics that differed at trial, from those at the time of the original identification.

For the reason set forth above herein, we conclude that the defendant here was deprived of his substantial constitutional right to confrontation of the witnesses against him as guaranteed by the Sixth Amendment to the United States Constitution. We therefore reverse and remand for new trial.

All concurred.