### PEOPLE v. DINWIDDIE

1. Witnesses — Child — Indecent Liberties — Testimony — Inducement.

   A seven-year-old girl's testimony that defendant had taken indecent liberties with her need not be rejected on the ground that her testimony was influenced by threats that if she did not testify she would not go swimming and would not get her bathing suit, where her testimony was not contradictory and the record fails to disclose that she was influenced to give any specific testimony (CLS 1961, § 750.336).

2. Appeal and Error—Witnesses—Credibility.

   The Court of Appeals will not reverse a trial court's finding on a witness's credibility, where the trial judge was able to view the demeanor of the witnesses and adjudge credibility.

3. Criminal Law—Motion to Dismiss—Discretion.

   Trial court's decision to delay determination of a motion by the prosecutor to dismiss a charge of indecent liberties after the seven-year-old complainant twice refused to testify until it was clear whether or not incriminating testimony existed was not an abuse of discretion (CLS 1961, 750.336).

Appeal from Wayne, George T. Martin, J. Submitted Division 1 October 14, 1969, at Detroit. (Docket No. 6,044.) Decided November 26, 1969.

Daniel Dinwiddie was convicted of taking indecent liberties with a child under the age of 16. Defendant appeals. Affirmed.

References for Points in Headnotes

[1] 58 Am Jur, Witnesses § 125 et seq.
[2] 5 Am Jur 2d, Appeal and Error § 831.
[3] 21 Am Jur 2d, Criminal Law § 516 et seq.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Harris, Stein & Hooberman,* for defendant.

Before: Lesinski, C. J., and J. H. Gillis and Danhof, JJ.

Per Curiam. Defendant was tried without a jury and on March 1, 1968 was convicted of the crime of taking indecent liberties with a child under the age of 16.[1] On appeal the prosecution has accepted the defendant's statement of facts.

Initially at the trial, complainant, a seven-year-old child, would not testify concerning the incident alleged in the complaint. Later the same day she was recalled to the stand, but still would not testify about the alleged acts. The prosecutor then reluctantly moved to dismiss the case. The judge took this motion under advisement and adjourned the case to the next afternoon. At that time the complainant did testify as to facts of the crime.

The defendant seeks a new trial claiming the trial judge abused his discretion in failing to grant the prosecution's motion to dismiss immediately, and in allowing the complainant to take the stand a third time when she had twice refused to testify about the alleged crime.

Defendant has submitted an affidavit from defendant's wife in which she swears that she overheard the complainant say "If I don't testify, I won't go swimming and won't get my bathing suit." This statement was allegedly made outside the court room

_____
[1] CLS 1961, § 750.336 (Stat Ann 1954 Rev § 28.568).

prior to the giving of the incriminating testimony, and in the presence of the complainant's father and the policewoman in charge of the case.[2]

Defendant relies on *People* v. *Beech* (1902), 129 Mich 622, for the proposition that the testimony of a young child elicited by the giving of promises should have been rejected. In the *Beech* case the child gave contradictory testimony in the most material matters after being given a doll and some candy. The Supreme Court held that this testimony, as given, was incompetent.

In the instant case complainant did not give contradictory testimony, but rather would not testify until the third time she took the stand. While the witness *may* have been induced to testify, her testimony was not contradictory, nor does the record disclose that she was influenced to give specific testimony. In the absence of any authority indicating the testimony was incompetent, the Court of Appeals will not reverse where the trial judge, sitting without a jury, was able to view the demeanor of the witness and so adjudge her credibility. *People* v. *Panknin* (1966), 4 Mich App 19, 33; *Leighton* v. *Leighton* (1968), 10 Mich App 425.

The record discloses that the trial court did not abuse his discretion in delaying any determination regarding the motion to dismiss until it was clear whether or not there existed any incriminating testimony.

Affirmed.

---

[2] The alleged statement was never called to the attention of the trial court either during the trial or in post-conviction proceedings.