PEOPLE v. GOLDFARB

1. Criminal Law—Lesser Included Offenses—Instructions to Jury—Exclusion by Implication.

An instruction to the jury which excludes by implication consideration of lesser included offenses, unlike an instruction which affirmatively excludes consideration of lesser included offenses, does not constitute reversible error.

2. Criminal Law—Lesser Included Offenses—Instructions to Jury—Exclusion by Implication.

An instruction to the jury that there are only two possible verdicts, guilty as charged or not guilty, is one that excludes lesser included offenses from the jury's consideration by implication and does not constitute reversible error.

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 November 2, 1971, at Detroit. (Docket No. 10168.) Decided November 22, 1971. Leave to appeal denied, 386 Mich 787.

Irving Goldfarb was convicted of breaking and entering. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

-----

Reference for Points in Headnotes
[1, 2] 53 Am Jur, Trial § 800.

Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*Thomas A. Maher*, for defendant on appeal.

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,* JJ.

O'Hara, J. This is an appeal of right from a jury conviction of the offense of breaking and entering. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28. 305).

Objection is taken to the instruction that "there are only two verdicts you can return in this case. Either guilty as charged or not guilty".[1] This is the familiar *Lemmons*[2] argument.

Prior to *Lemmons*, it was the settled law of Michigan that (1) error could not be predicated on failure to charge as to lesser included offenses unless requested and (2) the trial court was not obligated to charge as to such offenses unless testimony was adduced which, if believed by the jury, would support conviction of the lesser included offenses.

The Supreme Court, speaking through the late Mr. Justice Dethmers, modified the jurisprudence of Michigan to this extent: where the trial court affirmatively precludes consideration of lesser included offenses, reversible error is committed.

We read *Lemmons* to mean that there is a distinction between excluding from the jury consideration

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] We note that no instructions were given with respect to lesser included offenses. Defense counsel neither requested such instructions nor objected to the charge as given.

[2] *People v. Lemmons* (1970), 384 Mich 1.

of lesser included offenses by implication, as in this case, and affirmatively stating that there are no lesser included offenses.[3]   Only the latter constitutes reversible error.

We have studied *Lemmons* with great care and can come to no other conclusion than that which is reflected in the distinction hereinbefore set forth.   If we err in our construction, this case provides a basis for the Supreme Court to speak to the issue and settle it with finality.

In the case at bar, there was no affirmative exclusion; consequently, we affirm.

All concurred.

---

[3] Also, see *People* v. *Membres* (1971), 34 Mich App 224; *People* v. *Busby* (1971), 34 Mich App 235.