PEOPLE v FOSTER

1. CRIMINAL LAW—EVIDENCE—HEARSAY—FAILURE TO OBJECT.

A criminal defendant's failure to object to inadmissible hearsay testimony and his failure to ask for curative instructions precludes his raising the issue on appeal.

2. WITNESSES—INFANTS.

Allowing a four-year-old witness to testify was not a clear abuse of the trial judge's discretion where the witness had indicated that he knew what it was to tell the truth and that he would tell the truth.

3. CRIMINAL LAW—PROSECUTOR'S COMMENT—EVIDENCE.

The prosecutor's commenting that the defendant produced no defense to the offense charged was not error where there was no evidence to support defendant's denial.

4. CRIMINAL LAW—INCLUDED OFFENSE—INSTRUCTIONS TO JURY.

The trial court need not instruct the jury on lesser included offenses where there is no request to charge and the trial court does not affirmatively preclude consideration of lesser included offenses.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 March 13, 1972, at Detroit. (Docket No. 10472.) Decided May 1, 1972. Leave to appeal denied, 388 Mich 762.

Wilfred H. Foster was convicted of sodomy. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 737.

[2] 58 Am Jur, Witnesses § 129 *et seq.*

[3] 53 Am Jur, Trial § 689 *et seq.*

[4] 53 Am Jur, Trial § 800.

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Jane Burgess,* Assistant Defender, for defendant.

Before: R. B. Burns, P. J., and Holbrook and Quinn, JJ.

Per Curiam. This is an appeal from a jury conviction of sodomy. MCLA 750.158; MSA 28.355.

The four-year-old victim of the alleged crime testified that the defendant put his "bang-bang" into his "bum-bum". Defendant, who did not testify, denied guilt. There were no eyewitnesses. The boy suffered rectal injuries requiring medical treatment.

Defendant alleges the following errors in the jury instructions and trial procedure:

1. Did the court commit reversible error when it failed to instruct the jury that a prior inconsistent statement of a witness may be considered only as having impeachment value?

2. Did the trial court commit reversible error when it allowed the child to testify without sufficient examination as to his competency?

3. Was it reversible error for the trial court to allow the prosecution to recall an incompetent witness?

4. Was appellant denied a fair trial because the prosecution, by its comments, shifted the burden of proof to the defendant?

5. Did the court commit reversible error in failing to instruct as to lesser included offenses?

The alleged victim testified that the defendant did not say anything to him during the act. The

boy's mother testified that her son told her, "if he told us, he was going to kill him". Defendant contends this was hearsay and inadmissible. The statement was hearsay and inadmissible. However, the defendant did not object to the statement, nor did he ask for any curative instructions.

The child-witness indicated that he knew what it was to tell the truth and that he would tell the truth. The trial judge found that the four-year-old witness was competent to testify. The record supports this conclusion. We do not reverse where the trial judge was able to view the demeanor of the witness and to adjudge his credibility and competency to testify. See *People v Dinwiddie,* 20 Mich App 284 (1969). There was no abuse of discretion.

The court did not err in permitting the recall of the child-witness for further testimony. Such additional evidence could have been for the "effective ascertainment of the truth regarding the matters involved". MCLA 768.29; MSA 28.1052. In matters of trial conduct, the trial judge possesses a considerable amount of discretion to control the trial proceedings as to all relevant matters. *People v Green,* 34 Mich App 149 (1971).

During closing arguments the prosecutor stated that defendant produced no defense to the crime charged and, therefore, the jury could not avoid believing the young victim. Defendant contends the prosecutor had an obligation to prove the offense and that his closing comments shifted the burden of proof to the defendant.

When there is no trial evidence to support defendant's denial of the offense, it is not error for the prosecutor to say so. In *People v Jacoboni,* 34 Mich App 84, 86 (1971), the Court held:

"The complained-of remarks of the prosecutor that

the testimony was uncontradicted does not amount to such forbidden comment. *People v Parker,* 307 Mich 372 (1943); *People v Sullivan,* 290 Mich 414 (1939). This is also true even where the only possible contradictory testimony could have come from the mouth of the defendant himself. *People v Hider,* 12 Mich App 526 (1968); *People v Parker, supra."*

There was no request to charge or objections to the instructions given. The court instructed the jury that they could return a verdict of "guilty as charged" or "not guilty". Defendant contends that *People v Lemmons,* 384 Mich 1 (1970), requires that the jury must, under pain of error, be affirmatively instructed as to the lesser offenses.

It is true under the *Lemmons* decision, *supra,* where a trial court affirmatively precludes consideration of lesser included offenses, reversible error is committed. In the case at bar, there was no affirmative exclusion, and thus there was no error. *People v Goldfarb,* 37 Mich App 57 (1971).

Affirmed.