PEOPLE v BUDRICK

1. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE ASSISTANCE.

Defense counsel's statement in defendant's trial for sale of heroin that " * * * the conclusion is simple. There was a sale of heroin * * * " did not withdraw defendant's sole defense that there had been no sale of heroin where the context of the statement showed that it was a reference to the view of the prosecutor, urged in closing argument, respecting how the jury should look upon the case, since it cannot be said the jury construed the statement as an admission of guilt and did not amount to deprivation of effective assistance of counsel.

2. CRIMINAL LAW—ASSISTANCE OF COUNSEL—EFFECTIVE ASSISTANCE.

Defense counsel's mention of defendant's prior criminal record after defendant had decided not to testify in his own defense did not establish the charge of ineffective assistance of counsel where the reference was made in argument to provide the jury with a reason why the defendant would be falsely accused, and was thus a part of trial strategy.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSE.

An instruction to the jury that there are only two possible verdicts, guilty or not guilty, does not affirmatively exclude lesser included offenses but only excludes them by implication, and hence does not constitute reversible error, where no request on the subject has been made.

Appeal from Kent, John T. Letts, J. Submitted Division 3 April 10, 1972, at Grand Rapids. (Docket No. 10655.) Decided May 24, 1972. Leave to appeal denied, 388 Mich 805.

John C. Budrick, Jr. was convicted of selling

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 222, 309–317.

Right of defendant in criminal care to conduct defense in person, or to participate with counsel, 77 ALR2d 1233.

[3] 53 Am Jur, Trial §§ 286, 796–802.

narcotics without a license. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, *Donald A. Johnston, III,* Chief Appellate Attorney, and *David A. Neff,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *David A. Goldstein,* Assistant Defender (Rolf E. Berg, on the brief, acting under GCR 1963, 921), for defendant on appeal.

Before: J. H. GILLIS, P. J., and R. B. BURNS and DANHOF, JJ.

J. H. GILLIS, P. J. Defendant appeals as of right his jury-based conviction of selling narcotics without a license, MCLA 335.152; MSA 18.1122.

Defendant was charged with unlawfully selling heroin to informant Fred Johnson in the City of Grand Rapids on January 4, 1970. The following evidence was elicited at trial through the testimony of various prosecution witnesses: Johnson, working as a police informant at the time, called defendant late in the evening of January 3, 1970, soliciting the sale of narcotics, which defendant agreed to provide. Johnson then contacted the Grand Rapids police. Meeting with them prior to the agreed-upon rendezvous with defendant, Johnson was searched by the officers and given $25 with which to make the purchase. The officers and Johnson then proceeded in separate cars to the location where the rendezvous with defendant was to take place. Defendant, awaiting Johnson's arrival, proceeded to enter the informant's car under the observation of the two police officers. After

driving around for a short time, Johnson stopped the car and defendant got out in order to get the narcotics. Defendant, returning shortly thereafter, was given $25 by Johnson in exchange for three tinfoil packets of heroin. It was established during the course of trial that neither police officer observed the alleged exchange of heroin; however, they did corroborate Johnson's testimony regarding the prior physical events of that evening, having had informant's car under surveillance from the time defendant entered it.

Johnson being the only witness who could testify as to the alleged exchange of heroin (the prosecution's case thereby resting upon his credibility), the major tactic employed by defense counsel was an attempt to destroy the credibility of informant Johnson for the purpose of establishing that no sale of heroin in fact took place between him and defendant. Johnson's criminal record, his history of drug addiction along with the fact that he had become re-addicted while acting as a police informant, and his alleged "interest" in the prosecution were all brought forth during the course of the trial.

Various issues are raised on appeal, the first of which is as follows: Was defendant denied effective assistance of counsel in violation of his constitutional rights by the manner in which his court-appointed attorney conducted his defense? Specifically, it is alleged that it was reversible error for trial counsel to have (1) admitted the guilt of the defendant, and (2) informed the jury that the accused had a criminal record when he, not having taken the stand, made no such admission himself. The trial transcript reveals the following statement made by defense counsel at the beginning of his closing argument:

"Ladies and gentlemen of the jury: I will have to come to issue again with Mr. Kloote [prosecuting attorney], much as we have during the past two days. Mr. Kloote has given the impression it is a very simple matter before you. I submit to you it is not a simple matter we put forth to you. The conclusion is simple. *There was a sale of heroin consummated the night of January 4th between Fred Johnson and John Budrick.* That is simple enough. The matters of proof offered for your consideration, however, are anything but simple. You have to consider a number of things in arriving at that conclusion. You have to look at the witnesses who have testified. You have to look at the testimony that was elicited both on direct examination and on cross-examination." (Emphasis supplied.)

It is defendant's contention that he was denied the effective assistance of counsel when his attorney eventually withdrew from the jury's consideration his only plausible defense—that he made no sale of heroin to Fred Johnson on the night in question. Record indications, as exemplified by the following, bring us to the conclusion that the above remarks of defense counsel were made in reference to the view the prosecutor urged in closing argument respecting how the jury should look upon the case before them:

"I believe I indicated to you also at the beginning of the trial that it would not be a complicated matter, not a lot of evidence, and not a lot of detail or testimony of a technical nature. And I believe after listening to the testimony, that that is exactly what the case is. It boils down to a simple question, is Mr. Johnson telling the truth as to events of the evening of January 3rd, 1970, and early morning hours of January 4th. And in considering that question, I submit to you that is basically the only question involved. Is he telling the truth as to what happened?"

In attempting to prevent the jury from oversim-

plifying what must be considered in reaching a verdict, defense counsel cautioned that although the conclusion the prosecutor advocated might seem simple—that "there was a sale of heroin consummated the night of January 4th between Fred Johnson and John Budrick"—what must be taken into consideration before such a conclusion could be reached is far from simple. The only manner in which the statement could be construed as prejudicial to defendant would be to separate it from the context in which it was spoken. The sole exculpatory theory of the case presented through cross-examination and articulated in defense counsel's closing argument was that there had been *no sale* of heroin to Fred Johnson by John Budrick. Defense attorney's entire defense strategy emphasized the dearth of proof that Johnson made the buy from *this* defendant. Under these circumstances it cannot be said the jury construed the statement in question as an admission of guilt.

The other proffered instance of ineffective assistance of counsel stems from the following admissions made by defense counsel during closing argument regarding defendant's criminal record:

"I told you at the outset Mr. Budrick did have a record.

\* \* \*

"If you want it bad enough to put the finger on John Budrick, a man who has a record.

\* \* \*

"Sure, pick on Mr. Budrick. Point to him and say he is the one. Why not? He has a record."

It is argued on appeal that since it would have been improper for the prosecution to have introduced such evidence (defendant not having taken the stand), it was erroneous and prejudicial for

defense attorney to have done so. Being the ones to whom the conduct of trial and choice of strategy have been entrusted, defense attorneys may reasonably believe it advantageous, at times, to forego exercising certain rights of their client for tactical reasons. *People v Lawrence,* 32 Mich App 591 (1971). This Court has time and again indicated its reluctance to interfere with the trial strategy of counsel, and has consistently refused to reverse cases where such strategy has failed. *People v Joseph,* 24 Mich App 313 (1970); *People v White,* 25 Mich App 176 (1970); *People v Kaczor,* 14 Mich App 724 (1968); *People v Crosby,* 19 Mich App 135 (1969).

Upon a review of the record, it becomes quite obvious that defense counsel, in taking the position that the informant should not be believed, made reference to defendant's prior criminal record in order to provide for the jury a reason why Johnson would falsely accuse this particular individual; the theory being one with a criminal record is more subject to accusation. The maneuver was no more than a trial tactic and will not justify an ineffective counsel conclusion.

We now focus our attention upon another issue raised by defendant in his appellate brief: Whether the trial court erred in its instructions to the jury (1) by failing to instruct on the lesser included offense of possession of heroin, and (2) by impliedly excluding any lesser included offense from the jury's consideration by limiting the possible verdicts to guilty or not guilty as charged.* It first

---

* "The possible verdicts, of course, in this case, are two. If you find the prosecution has proved beyond a reasonable doubt that the defendant has committed the offense of which he is charged, then you would find the defendant guilty.

"On the other hand, if you find that the prosecutor has not proved that beyond a reasonable doubt, then you would find the defendant not guilty."

must be pointed out that no request was made by trial counsel for instructions on lesser included offenses nor was any objection raised to the instructions as given. In lieu of this, we find the following quotation from *People v Phillips,* 385 Mich 30, 36 (1971), dispositive of the first part of this issue:

"Where a request has been made to charge the jury on a lesser included offense, the duty of the trial judge is determined by the evidence. If evidence has been presented which would support a conviction of a lesser offense, refusal to give the requested instruction is reversible error but, *in the absence of such a request, the trial court does not err by failing to instruct on the included offenses. People v Jones,* 273 Mich 430 (1935)." See also *People v Wynn,* 386 Mich 627 (1972). (Emphasis supplied.)

However, this rule does not excuse *improper* instructions. Consequently, where the trial judge goes farther than mere failing to charge upon an included offense, but, instead, affirmatively excludes it from the jury's consideration in a situation where they are authorized to find defendant guilty of said included offense, this will constitute reversible error. *People v Wynn, supra; People v Lemmons,* 384 Mich 1 (1970). However, there is a distinction between excluding the jury from consideration of lesser included offenses by implication and affirmatively stating that there are no lesser included offenses. Only the latter constitutes reversible error. *People v Abernathy,* 39 Mich App 5 (1972); *People v Goldfarb,* 37 Mich App 57 (1971), *leave to appeal denied,* 386 Mich 787 (1972). An instruction to the jury that there are only two possible verdicts, guilty as charged or not guilty, is one that excludes lesser included offenses from the jury's consideration by implication. *Goldfarb, su-*

*pra.* Such being the situation in the case at bar, it will not constitute reversible error. Finding no merit to defendant's numerous other allegations of error, we accordingly affirm his conviction.

Affirmed.

All concurred.