## PEOPLE v KELLY

1. CRIMINAL LAW—ARMED ROBBERY—DEFENSES—DURESS.

The correct rule was stated and an instruction was not erroneous where the trial court charged in a trial for armed robbery: "But, it is the law in this state on that subject, an act which would otherwise constitute a crime may be excused on the grounds it was done under duress or compulsion but the compulsion must be present, imminent and impending and of such a nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done; a threat of future injury isn't enough to excuse the criminal character of the act and compulsion claimed by the defendant must have arisen without any negligence or fault on his part in order to constitute a defense to the crime", because the language was taken directly from a precedent case which has not been overruled and is still good law.

2. CRIMINAL LAW—SPECIFIC INTENT CRIMES—DEFENSES—DURESS—EVIDENCE.

The crucial question in regard to the defense of duress in a specific intent crime is not the defendant's negligence, but whether there is sufficient evidence to show that the alleged compulsion was present, imminent, impending, and fostered a well-grounded apprehension of death or serious bodily injury.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR—FAILURE TO OBJECT.

Failure to object to an allegedly erroneous instruction to the jury as given prevents review, unless manifest injustice appears.

REFERENCES FOR POINTS IN HEADNOTES

[1] 67 Am Jur 2d, Robbery § 71.

[1, 2] Coercion, compulsion, or duress as defense to criminal prosecution. 40 ALR2d 908.

[2] 21 Am Jur 2d, Criminal Law § 100.

[3, 4] 5 Am Jur 2d, Appeal and Error §§ 623, 892.

53 Am Jur, Trial § 824.

[4] 53 Am Jur, Trial § 800.

4. Criminal Law—Instructions to Jury—Lesser Included Offenses—Appeal and Error.

> An instruction to the jury which stated there are really only two possible verdicts in the case: a verdict of not guilty, or a verdict of guilty of the offense charged, there is no in between, was not an affirmative statement that there are no included offenses and was not a statement that effectively excluded the jury from considering lesser included offenses, and where there was no request for an instruction on lesser included offenses, the Court of Appeals cannot reverse.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 November 7, 1973, at Detroit. (Docket No. 15884.) Decided December 28, 1973.

Walter C. Kelly was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Harrison, Friedman & Roberson,* for defendant.

Before: Lesinski, C. J., and Fitzgerald and Carland,* JJ.

Per Curiam. Defendant Walter C. Kelly was charged with armed robbery, MCLA 750.529; MSA 28.797. He was found guilty by a Wayne County Circuit Court jury and sentenced by the court. Defendant appeals.

The first question raised on appeal deals with the instructions given by the trial judge to the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

jury. The defendant alleges that the following instruction was prejudicial error:

"But, it is the law in this state on that subject, an act which would otherwise constitute a crime may be excused on the grounds it was done under duress or compulsion but the compulsion must be present, imminent and impending and of such a nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. A threat of future injury isn't enough to excuse the criminal character of the act and compulsion claimed by the defendant must have arisen without any negligence or fault on his part in order to constitute a defense to the crime."

The defendant argues that where an offense is a specific intent crime, as is armed robbery, duress may negate that requisite criminal intent regardless of the defendant's fault or negligence in putting himself in the position to be coerced.

The language in the above charge was taken directly from *People v Merhige,* 212 Mich 601; 180 NW 418 (1920), in which the Court quoted it as the "correct rule" from 16 CJ 91. *Merhige* has not been overruled and still is good law. Furthermore, even if the instruction were erroneous, the defendant's failure to object to the instruction as given prevents review unless manifest injustice appears, and none is revealed. GCR 516.2; MCLA 769.26; MSA 28.1096; *People v Spaulding,* 42 Mich App 492; 202 NW2d 450 (1972).

There is no evidence that the defendant was negligent in putting himself in the position of being imminently threatened. The crucial question in regard to the defense of duress was not the defendant's negligence, but whether the alleged compulsion was present, imminent, impending, and fostering a well-grounded apprehension of death or serious bodily injury. There was sufficient

evidence that the alleged compulsion was not of such a character and clearly sufficient evidence to show that the defendant committed the crime charged.

The second allegation of error concerns the following instruction of the trial judge:

"There are really only two possible verdicts in this case: a verdict of not guilty, or a verdict of guilty of the offense charged. There is no in between."

The defendant contends that through this instruction the trial court has "affirmatively excluded" lesser-included offenses from the jury's consideration contrary to the mandates of *People v Lemmons,* 384 Mich 1; 178 NW2d 496 (1970).

This Court has said that *Lemmons* will require a reversal only in the situation where:

"(1.) there is no request for an instruction on lesser offenses; (2.) there is evidence on the record to support a conviction on a lesser offense so that, if requested, it would have been error to refuse to instruct on it; and (3.) the court affirmatively excludes the jury from considering lesser offenses." *People v Membres,* 34 Mich App 224, 232; 191 NW2d 66, 69 (1971), *lv to app den,* 386 Mich 790 (1972).

This approach has been followed in *People v Wilkie,* 36 Mich App 607, 613; 194 NW2d 154, 158, *lv to app den,* 386 Mich 787 (1972); *People v Goldfarb,* 37 Mich App 57; 194 NW2d 535 (1971), *lv to app den,* 386 Mich 787 (1972); *People v Kyles,* 40 Mich App 357, 363–364; 198 NW2d 732, 735 (1972); *People v Taylor,* 44 Mich App 640, 644; 205 NW2d 884, 887 (1973); *People v Budrick,* 40 Mich App 647, 653; 199 NW2d 267, 270 (1972).

In *Budrick,* the Court followed *Membres* in lan-

guage which clearly disposes of the issue in the instant case:

"However, there is a distinction between excluding the jury from consideration of lesser included offenses by implication and affirmatively stating that there are no lesser included offenses. Only the latter constitutes reversible error. *People v Abernathy,* 39 Mich App 5; 197 NW2d 106 (1972); *People v Goldfarb,* 37 Mich App 57; 194 NW2d 535 (1971), *leave to appeal denied,* 386 Mich 787 (1972). An instruction to the jury that there are only two possible verdicts, guilty as charged or not guilty, is one that excludes lesser included offenses from the jury's consideration by implication."

The above case makes it clear that *Lemmons* applies only when the judge affirmatively says there are no included offenses and *Lemmons* will not apply to exclusion by implication. It is arguable that the court effectively excluded the jury from considering lesser included offenses. The defendant argues that the difference between saying "there are no included offenses" (as in *Lemmons)* and "there is no in between" (as in the instant case) is no more than semantic. That is precisely correct; however, semantics are determinative under the rule of *Lemmons* as enunciated by the Supreme Court. We cannot reverse in a *Lemmons* situation unless the trial judge affirmatively states that there are no included offenses.

The defendant has referred the Court to *People v Herbert Van Smith, Jr,* 388 Mich 457; 203 NW2d 94 (1972). In *People v Taylor, supra,* at 44 Mich App 645, Judge (now Justice) Levin recognized that in *Herbert Smith* two Justices of the Michigan Supreme Court argued that the trial court's failure to instruct on lesser included offenses could be neither "excused nor waived by the parties," and properly noted that "[t]his view has yet to

command the votes of a majority of the justices in any case".

Affirmed.