## STORMS v STORMS

Docket No. 114023. Submitted November 14, 1989, at Grand Rapids. Decided April 2, 1990.

Plaintiff, Janet M. Storms, and defendant, Curtis W. Storms, were divorced in the Newaygo Circuit Court and custody of the children was given to plaintiff with defendant having visitation. Plaintiff moved the court to terminate visitation after defendant was charged with criminal sexual conduct involving one of the children, the six-year-old. At the hearing, the court, Terrence R. Thomas, J., held that the six-year-old was incompetent to testify and that the testimony of the examining physician as to statements made to him by the child was inadmissible and dismissed plaintiff's motion. Plaintiff appealed.

The Court of Appeals *held:*

1. A trial court's decision that a child is incompetent to testify should only be reversed where the court abused its discretion. The Court of Appeals found no abuse of discretion.

2. A declarant's hearsay identification to a treating physician of the person responsible for the declarant's condition is not reasonably necessary for the treatment of the declarant and is thus not permissible under the court rule's exception to the hearsay rule for statements to treating physicians.

Affirmed.

MARILYN KELLY, J., dissented in part. She would hold that the child's response to her physician's question concerning the source of her pain was reasonably necessary to diagnosis and treatment and should have been admitted. She would reverse and remand.

1. WITNESSES — MINORS — COMPETENCY — APPEAL.

A court's decision whether a minor is competent to testify should only be reversed on appeal where the court abused its discretion.

REFERENCES

Am Jur 2d, Evidence §§ 373, 1143; Infants §§ 16, 17.5; Witnesses § 93.

Admissibility of physician's testimony as to patient's statements or declarations, other than res gestae, during medical examination. 37 ALR3d 778.

2. EVIDENCE — HEARSAY — STATEMENTS TO PHYSICIANS — COURT
RULES.

A declarant's hearsay identification to a treating physician of the person responsible for the declarant's condition is not reasonably necessary for the treatment of the declarant and is thus not admissible under the court rule's exception to the hearsay rule for statements to treating physicians (MRE 803[4]).

*Knudsen, Wasiura & Associates* (by *Harry J. Knudsen*), for plaintiff.

*Dennis V. Potuznik,* for defendant.

Before: CYNAR, P.J., and MARILYN KELLY and T. G. KAVANAGH,* JJ.

CYNAR, P.J. The judgment of divorce made provision for visitation by the defendant father with the two minor children. Plaintiff mother moved for termination of the visitation privileges following a criminal sexual conduct charge involving one of the children, the six-year-old. Plaintiff appeals from the trial court's dismissal of the motion to terminate defendant's visitation privileges, raising two issues.

First, it is contended that the trial court erred in finding that the six-year-old child was not competent to testify as a witness and in denying additional direct examination. We find no error.

Visitation was suspended pending disposition of the charge of criminal sexual conduct in the first degree against the defendant involving the six-year-old child of the parties. The criminal charge was dismissed and defendant moved for reinstatement of his visitation privileges, which was granted. Thereafter, plaintiff's motion to terminate was heard and denied, and this appeal follows.

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

At the hearing on the motion to terminate, the court examined the child pursuant to MCL 600.2163; MSA 27A.2163 and MRE 601, to ascertain whether the child had sufficient intelligence, mental capacity, and sense of obligation to tell the truth. Under the statute, the court shall give the testimony such credit as to the court it may appear to deserve.

The trial judge stated he would examine the child for competency. If the court determined the child competent, examination of the child by counsel would be allowed. After some questioning, the court reserved qualifying the child but allowed examination by counsel. After some preliminary direct examination, the witness indicated some reluctance to answer and complained of feeling tired. She responded "yeah" when asked if she would testify on another day. After a short colloquy on the record with counsel, the court asked the witness if she wanted to answer any more questions, to which she responded "no" and the court allowed her to step down.

There followed testimony given by Dr. Ivan Carroll, M.D., an obstetrician/gynecologist, who treated the child. Counsel for the defendant objected to any hearsay testimony from the witness as to any statements made. The court ruled to allow the doctor to testify and allow argument on the hearsay portion.

After examining the child, Dr. Carroll felt that there had been some attempt of vaginal penetration. He was of the opinion that the child had been sexually abused. The doctor also testified, from his records, that, when he asked the child why her bottom hurt, she said "cause my daddy put his pee-pee and his finger in there" and as she said that, "she pointed to her genital area."

Next, the plaintiff, who is the mother of the

child, testified that the child returned home from school with a note from her nurse saying her bottom hurt, subsequent to a visit with her father.

Thereafter, counsel for plaintiff requested that the court allow further direct examination of the child. The request was denied and the court observed, "Like, you know, we have got to twist it out of her, essentially. That's the court's interpretation that if we are going to get anything further out of the child, its got to be squeezed out of her, and I don't think that's appropriate. I'll let my ruling stand and not allow the child to be recalled to the stand."

The decision of the trial court finding the child incompetent to testify should be reversed by this Court only if the trial court abused its discretion. *People v Kasben,* 158 Mich App 252, 257; 404 NW2d 723 (1987).

Great weight is given to the determination of the trial judge, who is able to view the demeanor of the witness. *People v Foster,* 40 Mich App 406, 408; 198 NW2d 923 (1972), lv den 388 Mich 762 (1972).

Our review indicates the trial court understood the proper standard to apply, was able to observe the child's demeanor and ability to testify, and made a reasoned determination without abusing it's discretion.

Plaintiff further claims the trial court erred in it's finding that the statements made by the child to Dr. Carroll were inadmissible hearsay and not competent evidence sufficient to justify terminating the parental rights of the defendant. Plaintiff argues that these statements should have been admitted pursuant to MRE 803(4) which provides an exception to the hearsay rule in the case of

[s]tatements made for purposes of medical treat-

ment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment.

The decision whether to admit evidence is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *People v Watkins,* 176 Mich App 428, 430; 440 NW2d 36 (1989); *Kochoian v Allstate Ins Co,* 168 Mich App 1, 12; 423 NW2d 913 (1988). An abuse of discretion exists only if an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification for the ruling made. *Watkins, supra; People v Hamm,* 100 Mich App 429, 438; 298 NW2d 896 (1980), lv den 411 Mich 888 (1981). In light of our Supreme Court's recent decision in *People v La-Lone,* 432 Mich 103; 437 NW2d 611 (1989), we find no abuse of the trial court's discretion.

In *LaLone,* the Supreme Court essentially held that a declarant's hearsay identification of the person responsible for the declarant's condition may not be admitted under MRE 803(4), as the identity of the assailant is not reasonably necessary to the examining physician's treatment of the injured declarant. *LaLone, supra,* pp 109-117. While the *LaLone* decision would appear to allow admission of Dr. Carroll's testimony absent any comments concerning the identity of the assailant, *id.,* p 112, such testimony would for obvious reasons have no impact on the final outcome of this case.

While a physician-psychologist distinction has been drawn with *LaLone* in a recent decision of this Court, *People v Meeboer,* 181 Mich App 365; 449 NW2d 124 (1989), we find that the reasoning

of the *LaLone* decision, when examined as a whole as opposed to piecemeal, renders such a distinction immaterial. The identity of the perpetrator of a sexual assault is no less necessary to diagnosis and treatment of a victim by a psychologist (as in *LaLone*), than it is to diagnosis and treatment by a physician. In fact, in many situations the perpetrator's identity may be more important to the psychologist in devising appropriate treatment for the victim (e.g. perpetrator is family member vs. friend vs. stranger). Yet, *LaLone* found testimony regarding the perpetrator's identity inadmissible. Thus, we find no basis for reversal on this issue.

Affirmed.

T. G. KAVANAGH, J., concurred.

MARILYN KELLY, J. *(concurring in part and dissenting in part).* I disagree with the majority's conclusion that the statements of the child made to the physician were inadmissible hearsay based on the Supreme Court's decision in *People v LaLone,* 432 Mich 103; 437 NW2d 611 (1989). *LaLone* involved the statements of a victim made to a psychologist. The fact that the witness was a psychologist rather than a physician was stressed by the Supreme Court. *LaLone,* pp 109-110.

In this case, the witness was a physician. He had found physical evidence of sexual abuse. The statements concerning the identity of the perpetrator were made in response to the doctor's questions about the source of the child's pain. The statements were reasonably necessary to diagnosis and treatment and should have been admitted. See *People v Meeboer,* 181 Mich App 365; 449 NW2d 124 (1989). Thus, I would conclude that the trial judge abused his discretion in refusing to admit the testimony of the physician. I would reverse and remand for another hearing.